Filed 7/21/16

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Appellant, | ) | |
| | ) | S219109 |
| v. | ) | |
| | ) | Ct.App. 4/3 G048563 |
| ALEXIS ALEJANDRO FUENTES, | ) | |
| | ) | Orange County |
| Defendant and Respondent. | ) | Super. Ct. No. 13NF0928 |
| _____ | ) | |

The issue presented here is whether a trial court has the discretion under Penal Code[1] section 1385, subdivision (a) (section 1385(a)) to dismiss a sentencing enhancement allegation for a gang-related offense (§186.22, subdivision (b)(1) (section 186.22(b)(1))), or if the court is limited to its authority under section 186.22, subdivision (g) (section 186.22(g)), which provides that "[n]otwithstanding any other law, the court may strike the additional punishment for the enhancements provided in this section." In other words, by enacting section 186.22(g), did the Legislature eliminate a trial court's section 1385(a) discretion to dismiss or strike entirely a section 186.22(b)(1) gang enhancement?

For reasons that follow, we conclude that a trial court has the discretion to strike the gang enhancement altogether under section 1385(a).

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

**FACTUAL AND PROCEDURAL BACKGROUND**

In March 2013, the Orange County District Attorney (District Attorney) charged defendant Alexis Alejandro Fuentes with the unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a)), and receiving stolen property (Pen. Code, § 496d, subd. (a)). The two-count felony complaint also alleged as an enhancement that defendant committed the charged offenses "for the benefit of, at the direction of, and in association with . . . a criminal street gang, with the specific intent to promote, further, and assist in criminal conduct by members of that gang." (See § 186.22, subd. (b).) This gang enhancement allegation exposed defendant to up to an additional four years in prison. (*Ibid*.)

On May 2, 2013, after an off-the-record conference in chambers, the trial court indicated the following: if defendant pleaded guilty to counts 1 and 2, the court would dismiss the gang enhancement allegation (§ 186.22(b)(1)), pursuant to its discretion under section 1385(a). The prosecutor, however, objected to the indicated sentence, arguing that the court lacked discretion to dismiss the enhancement and that its authority was limited to striking the additional punishment under section 186.22(g). Defendant moved to dismiss the gang enhancement allegation under section 1385(a).

As part of the agreement in which defendant pleaded guilty to the charges, he offered the following statements as a basis for his plea: "[O]n 3-14-13, I willfully took a car with the intent to deprive the owner of it and without consent of the owner. I was also in possession of such vehicle." Over the District Attorney's objection, the trial court accepted the defense invitation to dismiss the gang enhancement allegation under section 1385(a). The court orally stated its reasons for dismissing the enhancement allegation; however, those reasons are not reflected in the court minutes. The trial court pronounced judgment and placed defendant on three years' probation with additional terms and conditions.

2

The District Attorney appealed. He argued that the phrase "[n]otwithstanding any other law" in section 186.22(g) shows the Legislature intended that section to replace or supplant the court's general authority under section 1385(a) to strike or dismiss gang allegations. For that reason, the trial court had the authority to strike the additional punishment for the enhancement, but not the enhancement itself. Disagreeing with a decision from a different division within its district (*People v. Campos* (2011) 196 Cal.App.4th 438), the Court of Appeal here stated that the "[n]otwithstanding any other law" phrase supports the District Attorney's interpretation only if section 186.22(g) is "contrary to, in conflict with, or inconsistent" with section 1385(a). It concluded section 186.22(g) was not. Therefore, under section 1385(a), the trial court had the discretion to dismiss the gang enhancement allegation altogether, and it was not limited to striking the additional punishment for the enhancement under section 186.22(g).

Because the trial court failed to state its "reasons for the dismissal . . . in an order entered upon the minutes," as section 1385(a) mandated at the time (see Stats. 2000, ch. 689, § 3, p. 4558), the Court of Appeal remanded the case to the trial court to allow it to do so. (See *People v. Bonnetta* (2009) 46 Cal.4th 143, 151 [§ 1385's "mandatory requirement" for court's written minute order].)[2] It affirmed the trial court's judgment in all other respects.

We granted the District Attorney's petition for review.

---

[2]    Effective January 1, 2015, section 1385(a) no longer requires a written order in all cases. (Stats. 2014, ch. 137, § 1.) As amended, section 1385(a) provides that the trial court's reasons for dismissal "shall be stated orally on the record," and that a written order must be entered upon the minutes only "if requested by either party or in any case in which the proceedings are not being recorded electronically or reported by a court reporter."

3

Under the California Street Terrorism Enforcement and Prevention Act, enacted in 1988 (STEP Act; § 186.20 et seq.), a defendant who commits a felony in furtherance of criminal street gang activity is subject to increased punishment. (*People v. Gardeley* (1996) 14 Cal.4th 605, 609-610; § 186.21 [legislative findings and declarations].)  For example, section 186.22, subdivision (b) increases the punishment for the underlying conviction in several different ways.  Section 186.22(b)(1), which is at issue here, is a sentencing enhancement and imposes an additional determinate term of two to 10 years for most underlying felonies. (§§ 186.22(b)(1)(A) [two, three, or four years for an ordinary felony in court's discretion], 186.22(b)(1)(B) [five years for a serious felony under § 1192.7, subd. (c)], 186.22(b)(1)(C) [10 years for a violent felony under § 667.5, subd. (c)]; see *People v. Jones* (2009) 47 Cal.4th 566, 571.)  As discussed in greater detail below, subdivision (b)(4) and subdivision (b)(5) of section 186.22 each serves as an alternate penalty provision — section 186.22, subdivision (b)(4) imposes a life sentence if the underlying felony is an enumerated crime, and section 186.22, subdivision (b)(5), which imposes a minimum prison confinement of 15 years before a defendant is eligible for parole, applies when the underlying felony by its own terms provides for a life sentence.  Section 186.22, subdivision (d), which the electorate later added in 2000, is also an alternate penalty provision and gives a trial court discretion to treat a misdemeanor as a felony for purposes of sentencing. (§ 186.22, subd. (d), added by initiative, Primary Elec. (Mar. 7, 2000) [Prop. 21, § 4].)

Since its inception nearly three decades ago, the STEP Act has provided trial courts with the discretion to "strike the additional punishment for the enhancements provided in" section 186.22.  (§ 186.22, former subd. (b)(4) [now § 186.22(g)]; Stats. 1988, ch. 1242, § 1, pp. 4127-4130.)  After several

4

amendments,**3** section 186.22(g) currently provides in full: "Notwithstanding any other law, *the court may strike the additional punishment for the enhancements provided in this section* or refuse to impose the minimum jail sentence for misdemeanors in an unusual case where the interests of justice would best be served, if the court specifies on the record and enters into the minutes the circumstances indicating that the interests of justice would best be served by that disposition." (Italics added.)  Under section 186.22(g), a trial court's discretion is limited to striking any additional punishment for an enhancement provided in section 186.22(b)(1), and to refusing to impose a minimum jail sentence for section 186.22(d), in "the interests of justice."  It does not authorize striking the enhancement itself.

In contrast, section 1385(a), which was enacted in 1872, gives trial courts discretion "in furtherance of justice [to] order an action to be dismissed." (See *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 520 (*Romero*) [dismissal in furtherance of justice has existed since 1850]; Stats. 1850, ch. 119, § 629, p. 323.)  "The reasons for the dismissal must be set forth in an order entered upon the minutes.  No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."**4** (§ 1385(a), as amended by Stats. 2000, ch. 789, § 3, p. 4558.)  A trial court's discretion to dismiss an "action" under

---

**3**       In 1989, the Legislature amended the provision to give trial courts authority to "refuse to impose the minimum jail sentence for misdemeanors," and designated section 186.22, former subdivision (b)(4) as section 186.22, subdivision (d).  (Stats. 1989, ch. 144, § 1, pp. 1095-1097.)  After it deleted the words "provision of" in 1993, the Legislature in 2001 designated section 186.22, subdivision (d), as section 186.22(g), which read as it does today.  (Stats. 1993, ch. 611, § 3.09, pp. 3486-3488; Stats. 2001, ch. 854, § 22, pp. 6983-6986.)
**4**       As noted above (see *ante*, at p. 3, fn. 2), section 1385(a) no longer requires that the court's reasons be set out in the minutes in all cases.

5

section 1385(a) encompasses the power to strike or dismiss a sentencing enhancement allegation.  (*In re Varnell* (2003) 30 Cal.4th 1132, 1137 [" 'action' " means " 'individual charges and allegations in a criminal case' "]; *People v. Burke* (1956) 47 Cal.2d 45, 51 ["authority to dismiss the whole, includes, of course, the power to dismiss or 'strike out' a part"].)  Further, subdivision (c)(1) of section 1385 (section 1385(c)(1)), which was added in 2000, expressly provides that a trial court may "instead strike the additional punishment" for an enhancement that it may otherwise dismiss or strike under subdivision (a).  (Stats. 2000, ch. 689, § 3, pp. 4558-4559; but see § 1385, subd. (b) [court may not strike prior conviction of a serious felony for purposes of enhancement under § 667].)

Generally speaking, sentencing enhancements "derive their vitality from and form a part of the crime to which they are attached and alter the consequences the offender may suffer.  The most direct consequence is additional punishment." (*In re Pacheco* (2007) 155 Cal.App.4th 1439, 1445.)  In the present case, the section 186.22(b)(1) enhancement exposed defendant to up to an additional four years in prison.  (See *ante*, at p. 2.)  There is no real dispute that had the court not dismissed the enhancement allegation, and had the allegation either been proven by evidence or admitted by defendant, the finding or admission could negatively impact defendant in *future* criminal cases as well.  (See *People v. Shirley* (1993) 18 Cal.App.4th 40, 46 [defendant's admission of great bodily injury enhancement may be used to "enhance subsequent, new crimes"].)  Specifically, if a defendant commits a felony that is gang related under section 186.22(b)(1)[5] and the defendant later reoffends, section 1192.7, subdivision (c)(28), turns that "prior

---

[5]     Consistent with our prior cases, we use the term "gang related" as meaning "for the benefit of, at the direction of, or in association with" a street gang (§ 186.22(b)(1)).  (*People v. Gardeley*, *supra*, 14 Cal.4th at p. 622.)

6

gang-related felony offense into a strike." (*People v. Briceno* (2004) 34 Cal.4th 451, 465.) Moreover, as relevant here, even if the *punishment* is struck, an enhancement finding could impact defendant in a future case: "Striking an aspect of an enhancement does not 'operate to defeat the factual finding of the truth of the [allegation], instead, such act merely serves to prohibit a certain purpose for which the [allegation] may be used.' " (*In re Pacheco*, *supra*, 155 Cal.App.4th at p. 1445; see Couzens et al., Sentencing Cal. Crimes (The Rutter Group 2015) § 12.5 [striking an enhancement's punishment "would retain the fact of the enhancement in the defendant's criminal record, but would not add any punishment"]; see Cal. Rules of Court, rule 4.428 [if trial court exercises discretion to strike the enhancement's punishment under § 1385(c), it "should not strike the allegation of the enhancement"].)

Defendant maintains that a trial court's discretion is not limited to section 186.22(g) in this context. He asserts that while section 186.22(g) contains the phrase "[n]otwithstanding any other law," it does *not* specifically refer to section 1385, which would have demonstrated the Legislature's unmistakable intent to divest a trial court's section 1385 discretion with respect to gang-related sentencing allegations. He points to various statutes that include the phrase, "Notwithstanding Section 1385 or any other provision of law," which clearly indicates that the particular statute overrides or displaces the trial court's general discretion under section 1385. (E.g., §§ 667.61, subd. (g), 667.71, subd. (d), 12022.5, subd. (c), 12022.53, subd. (h).)

We agree with defendant that there must be " 'a clear legislative direction' " eliminating the trial court's section 1385 authority. (*Romero*, *supra*, 13 Cal.4th at p. 518; see *People v. Fritz* (1985) 40 Cal.3d 227, 230 (*Fritz*); *People v. Williams* (1981) 30 Cal.3d 470 (*Williams*).) However, "it is not necessary that the Legislature expressly refer to section 1385 in order to preclude its operation."

(*People v. Thomas* (1992) 4 Cal.4th 206, 211 (*Thomas*); see *People v. Rodriguez* (1986) 42 Cal.3d 1005, 1019 [§ 1385 may be inapplicable "in the face of [a] more specific proscription on the court's power"]; see also *Romero*, *supra*, 13 Cal.4th at p. 518.)

For instance, in *Thomas*, the Legislature in 1989 had deleted a firearm use enhancement (§ 12022.5) from a list of statutory enhancements that a trial court had the discretion to strike, if it found sufficient "circumstances in mitigation" (former § 1170.1, subd. (h) (former section 1170.1(h))).[6] (*Thomas*, *supra*, 4 Cal.4th at p. 209.) The question arose whether the court nonetheless retained its discretion to strike the section 12022.5 enhancement under section 1385. (*Thomas*, at p. 211.) We concluded it did *not* retain such discretion. We first determined that former section 1170.1(h)'s "circumstances in mitigation" standard was "essentially identical" to section 1385's standard of "in furtherance of justice." (*Thomas,* at p. 212.) Next, based on the relevant legislative history of former section 1170.1(h), we discerned from the Legislature's deletion of section 12022.5 a " 'clearly evidenced' " intent "to divest the courts of their statutory authority to strike firearm use enhancements, whether such power be exercised under section 1170.1, subdivision (h), or under section 1385." (*Thomas*, at pp. 211-212.) We added that because the amendment to former section 1170.1(h) was included in a " 'package' of provisions aimed at enhancing criminal liability for unlawful firearm use," we found it "highly unlikely" that the Legislature nevertheless intended to preserve a court's broad discretion under section 1385. (*Thomas*, at p. 213; see *People v. Tanner* (1979) 24 Cal.3d 514, 519-521.)

---

[6] As discussed further below (see *post*, at pp. 10-11), former section 1170.1(h) was repealed in 1997.

Even though an express reference to section 1385 is not required, *Thomas* recognized that any legislative intent to abrogate a trial court's section 1385 discretion must be clear. (*Thomas*, *supra*, 4 Cal.4th at p. 208 ["we find clear legislative intent to withhold such authority"].) This clear expression of intent may be found either in the relevant statutory language or in the statute's legislative or initiative history. (*Thomas*, *supra*, 4 Cal.4th at pp. 211-213; see *Romero*, *supra*, 13 Cal.4th 497; *Fritz*, *supra*, 40 Cal.3d at p. 230; *Williams*, *supra*, 30 Cal.3d at p. 484.)

With respect to section 186.22(g) at issue here, the People maintain that the legislative intent to withhold a trial court's section 1385 authority is reflected in section 186.22(g)'s prefatory phrase "[n]otwithstanding any other law," which has been described as " 'a " ' term of art' " [citation] that declares the legislative intent to override all *contrary* law.' " (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 983, quoting *Klajic v. Castaic Lake Water Agency* (2004) 121 Cal.App.4th 5, 13, italics added in *Arias*.) This "[n]otwithstanding" phrase means that "only those provisions of law that conflict with" section 186.22(g) — "not . . . every provision of law"— are inapplicable. (*Arias*, at p. 983; cf. *People v. Campos*, *supra*, 196 Cal.App.4th at p. 452.) The People argue that such conflict does exist between section 186.22(g) and section 1385 because of their overlapping scope of authority when section 186.22(g) was enacted in 1988. Defendant counters that "[s]ection 186.22 was never intended to impact section 1385 powers and the latter are fully intact as against section 186.22 allegations."

In 1988, defendant maintains, section 1385 did not specifically allow a trial court to dismiss only the punishment for an enhancement; that express authority came over a decade later with the Legislature's enactment of section 1385(c)(1). (Stats. 2000, ch. 689, § 3, pp. 4558-4559.) Thus, when enacted, section 186.22(g) (originally codified as § 186.22, subd. (d)), "complemented, rather than displaced,

9

section 1385(a) by granting the trial court such additional power." The People, however, describe this reasoning as based on a "technicality" and one that is "illusory," and maintain a conflict *did* exist between section 1385 and section 186.22 in 1988. Notwithstanding the subsequent enactment of section 1385(c)(1), the People counter that section 1385(a), at all times relevant here, also included the discretion to strike just the punishment of an enhancement. That discretion was also set out in former section 1170.1(h) with respect to certain enumerated enhancements, until it was repealed in 1997. We briefly recount the relevant history below.

When enacting section 1385(c)(1) in 2000, the Legislature explained that the legislation "would specifically *confirm* the discretion of the court to strike the punishment for an enhancement in the interests of justice pursuant to Penal Code section 1385." (Sen. Com. on Public Safety, Analysis of Assem. Bill No. 1808 (1999-2000 Reg. Sess.) as introduced Jan. 31, 2000, p. 3, italics added (Analysis of Assembly Bill No. 1808).) It would "*clarif[y]* that judges have power under Penal Code section 1385 to strike the punishment for an enhancement." (*Id.* at p. 7, italics added.) Notwithstanding the existing discretion to strike an enhancement's punishment, the Legislature underscored it was necessary to "specifically set out" this authority within section 1385 because of lingering confusion caused by former section 1170.1(h) and its repeal several years earlier in 1997. (Analysis of Assem. Bill No. 1808, *supra*, at pp. 2, 7; see Stats. 1997, ch. 750, § 3 [repealing § 1170.1(h)].)

The Legislature explained that former section 1170.1(h) was "confusing, *as it truly added little or nothing to a court's power, since the court could dismiss punishment under Penal Code section 1385*." (Analysis of Assem. Bill No. 1808, *supra*, at p. 7, italics added; see Stats. 1997, ch. 750, § 9, p. 5069 [uncodified provision stating legislative intent is not to "alter the existing authority and

10

discretion of the court to strike those enhancements or to strike the additional punishment . . . pursuant to Section 1385].") The Legislature further found that, despite the repeal of former section 1170.1(h), trial courts may have nonetheless misunderstood this provision as "limiting their power to strike punishment for an enhancement that was not listed in section 1170.1." (Analysis of Assem. Bill No. 1808, *supra*, at p. 7.) This confusion seemingly persisted, warranting legislative clarification three years after the repeal. (See *People v. Bradley* (1998) 64 Cal.App.4th 386, 401.)

Based on this legislative history, we agree with the People that trial courts *already* had the authority to strike just the punishment of a sentencing enhancement, even before section 1385(c)(1) was added in 2000. Though this expression of intent came years after section 1385(a)'s enactment, there is little doubt as to the Legislature's understanding that trial courts in 1988 had this authority.[7] (See *Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 244 [court may use " 'subsequent expression of the Legislature as to the intent of the prior statute' " to determine prior act's effect].) However, even assuming that this legislative history shows that section 186.22(g) and section 1385 overlapped in terms of the scope of a trial court's discretion, it does not follow — as the People contend — that these provisions are "necessarily inconsistent" and that section 186.22(g) controls to the exclusion of section 1385. (*Romero*, *supra*, 13 Cal.4th at p. 524; see *Thomas*, *supra*, 4 Cal.4th at p. 213 [barring application of

---

[7] Though this history does not reveal if the discretion to strike just the enhancement's punishment has implicitly existed since section 1385(a)'s inception, the inference that this discretion could be recognized at least by the time the Legislature enacted the STEP Act is not unreasonable — section 1385 had remained unchanged from 1986 until 2000. (Compare Stats. 2000, ch. 689, § 3, p. 4558 with Stats. 1986, ch. 85, § 2, p. 211.)

11

§ 1385 that "could effectively negate" Legislature's previous amendment of former § 1170.1(h)].)

Relying on the statutory maxim that " 'the expression of one thing in a statute ordinarily implies the exclusion of other things' " (*People v. Guzman* (2005) 35 Cal.4th 577, 588), the People assert that by virtue of delineating specific powers of the court to "strike the additional punishment for the enhancement" or "refuse to impose the minimum jail sentence" in 186.22(g), the Legislature provided direction to limit a court's general discretion over all gang enhancements. (See *Martello v. Superior Court* (1927) 202 Cal. 400, 405 [with grant of powers " 'there is an implied negative; an implication that no other than the expressly granted power passes by the grant' "].) We rejected this very argument in *Romero*, declining to interpret any statute defining punishment for a crime "as *implicitly* eliminating" the court's discretion under section 1385. (*Romero*, *supra*, 13 Cal.4th at p. 518, italics added.) "This is because the statutory power to dismiss in furtherance of justice has always coexisted with statutes defining punishment and must be reconciled with the latter. (See Stats. 1850, ch. 119, § 629, p. 323.)" (*Romero*, *supra*, 13 Cal.4th at p. 518.) Thus, while helpful in ascertaining legislative intent in most cases, statutory maxims have limited utility in this context; these tools of interpretation cannot take the place of the " 'clear legislative direction' " that trial courts are divested of their section 1385 discretion. (*Romero*, *supra*, 13 Cal.4th at p. 528.) In sum, we conclude that the Legislature's inclusion in 186.22(g) of the phrase "[n]otwithstanding any other law," together with the provision's specific punishments for certain gang

12

enhancements and alternate penalty provisions, "falls short" of the requisite clear direction. (*Romero*, *supra*, 13 Cal.4th at p. 528.)**8**

This conclusion appears inescapable when we consider the "long history of dispute among the various branches of state government over the application of section 1385 to sentencing allegations." (*Romero*, *supra*, 13 Cal.4th at pp. 521-522.) For example, our decisions in *Williams* and *Fritz* — which were both decided shortly before the STEP Act's enactment — provide unique insight into the issue here. (See *Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387 [considering "the wider historical circumstances of [statute's] enactment" to determine legislative intent].) These decisions, as we explain, underscore that in light of section 1385's "prominent and contentious history" (*Romero*, *supra*, 13 Cal.4th at p. 521), it is critical and even "demanded," that the legislative intent to divest a court of its section 1385 discretion be abundantly clear. (*Romero*, *supra*, 13 Cal.4th at pp. 518-519.)

In *Williams*, a 1981 decision, this court held that trial courts had discretion under section 1385 to dismiss a special circumstance finding under the 1978 death penalty statute (former §§ 190-190.5) in order to modify a sentence of life imprisonment without parole. (*Williams*, *supra*, 30 Cal.3d at p. 482 ["Section 1385 permits dismissals in the interest of justice in any situation where the Legislature has not clearly evidenced a contrary intent."].) We found no " 'unmistakable clarity' " within the death penalty statute to limit a trial court's section 1385 power to dismiss special circumstance findings. (*Williams*, at

---

**8**     We disapprove *People v. Campos*, *supra*, 196 Cal.App.4th 438, to the extent it is inconsistent with this opinion. (See *id.* at pp. 451-452 ["the enactment of section 186.22, subdivision (g) provides the clear legislative direction needed to eliminate courts' power to use section 1385 to dismiss or strike gang allegations and enhancements and to refuse to impose gang alternate penalties"].)

p. 484.)  Further, we discerned "no indication of contrary legislative intent" (*ibid*.), nor anything "unique to this death penalty statute which prevents the application of section 1385." (*Id*. at p. 485.)**9**

Several years later, we held in *Fritz* that trial courts had authority to strike prior serious felony convictions (§ 667, subd. (a)) — which mandated a five-year enhancement for each conviction — in "furtherance of justice" pursuant to section 1385. (*Fritz*, *supra*, 40 Cal.3d at p. 229.)  In so holding, we explained that our then-recent opinions "sent an unmistakable signal to drafters of sentencing provisions of the need to include clear language eliminating a section 1385 authority whenever such elimination is intended.  *Williams* explains that absent a clear expression of legislative intent in this regard, a sentencing statute will not be construed to abrogate a trial court's general section 1385 power to strike." (*Fritz*, *supra*, 40 Cal.3d at p. 230; see *Williams*, *supra*, 30 Cal.3d 470.)  We found no such "clear expression" abrogating a trial court's section 1385 discretion within the provisions at issue, section 667 and California Constitution, article I, section 28, former subdivision (f). (*Fritz*, *supra*, 40 Cal.3d at p. 230.)  The next year, the Legislature responded decisively by adding subdivision (b) to section 1385:  "This section does not authorize a judge to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667." (Stats. 1986, ch. 85, § 2, p. 211; see *id*., § 3, pp. 211-212.)  "Section 1385(b) was enacted by the Legislature 'expressly for the purpose of abrogating *People v. Fritz*.' " (*Romero*, *supra*, 13 Cal.4th at p. 526.)

---

**9**      Almost a decade later, however, the electorate limited, but did not abolish, this power to dismiss a special circumstance allegation by adding section 1385.1, which prohibits trial courts from striking a special circumstance after it has been admitted or found true. (§ 1385.1, added by initiative, Primary Elec. (June 5, 1990) [Prop. 115, § 26]; see *Romero*, *supra*, 13 Cal.4th at p. 521.)

These pre-STEP Act decisions emphasize that the Legislature understands its obligation, and certainly knows how to achieve its goal, if it wishes to divest trial courts of their section 1385 discretion. Significantly, the Legislature did not provide the clear direction necessary to abrogate this discretion when it enacted section 186.22(g)'s predecessor. We therefore conclude that trial courts possess the section 1385 discretion to strike a gang-related enhancement alleged under section 186.22(b). (See *Romero*, *supra*, 13 Cal.4th at p. 528.)

The People maintain that allowing trial courts to strike gang enhancements entirely, instead of striking just the enhancements' punishment, will undermine the efficacy of the STEP Act, making it harder for the prosecution to prove patterns of criminal gang activity. Because "legislative intent is the governing consideration" here (*Romero*, *supra*, 13 Cal.4th at p. 527), and we have found no intent to divest trial courts of their section 1385 authority, these public policy arguments are best directed to the Legislature. The People do not point to anything in the STEP Act's legislative history, nor anything "unique to this [statutory scheme] which prevents the application of section 1385." (*Williams*, *supra*, 30 Cal.3d at p. 485.) We are confident that in STEP Act cases, as in other cases, "[t]he wise use of [the section 1385] power will promote the administration of justice by ensuring that persons are sentenced based on the particular facts of the offense and all the circumstances. It enables the punishment to fit the crime as well as the perpetrator." (*Williams*, *supra*, 30 Cal.3d at p. 489.)

## CONCLUSION

As noted, the Court of Appeal concluded that the trial court had discretion to dismiss the gang enhancement allegation under section 1385(a), but remanded the matter to allow the trial court to provide written reasons for the dismissal in the court's minutes. Though we affirm the Court of Appeal's judgment, we conclude that remand to the trial court is unnecessary. " 'If the judgment is not yet final

15

because it is on appeal, the appellate court has a duty to apply the law as it exists when the appellate court renders its decision. [Citation.]' " (*People v. Jones* (2016) 246 Cal.App.4th 92, 96 [concluding remand not required under current version of § 1385(a)].)  The current version of section 1385(a) does not require a trial court to place its reasons in an order entered upon the minutes at the time of sentencing, unless a party so requests or if the proceeding is unrecorded or unreported.  (See *ante*, at p. 3, fn. 2.)  Because the trial court orally stated its reasons for dismissing the gang enhancement on the record, which was transcribed, and no party requested that the reasons be placed in the minutes, remand is not required.  (*People v. Jones*, *supra*, 246 Cal.App.4th at p. 96.)

We affirm the Court of Appeal's judgment and remand the matter with directions to affirm the trial court's judgment.

**CHIN, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**WERDEGAR, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Fuentes

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 225 Cal.App.4th 1283
**Rehearing Granted**

_____

**Opinion No.** S219109
**Date Filed:** July 21, 2016

_____

**Court:** Superior
**County:** Orange
**Judge:** Nicholas S. Thompson

_____

**Counsel:**

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Holly D. Wilkens, Steven T. Oetting, Lise Jacobson and Kristen Kinnaird Chenelia, Deputy Attorneys General; Tony Rackauckas, District Attorney, and David R. Gallivan, Deputy District Attorney, for Plaintiff and Appellant.

Frank Ospino, Public Defender, Jean Wilkinson, Chief Deputy Public Defender, Mark S. Brown, Assistant Public Defender, and Miles David Jessup, Deputy Public Defender, for Defendant and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Kristen Kinnaird Chenelia
Deputy Attorney General
600 West Broadway, Suite 1800
San Diego, CA  92101
(619) 525-4232

Miles David Jessup
Deputy Public Defender
14 Civic Center Plaza
Santa Ana, CA  92701-4029
(714) 834-2144