Filed 7/31/24  P. v. Bruno CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083230 |
| Plaintiff and Respondent, | (Super. Ct. No. SCE353334) |
| v. | |
| MICHAEL THOMAS BRUNO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Reversed and remanded.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Minh U. Lee, Deputy Attorneys General for Plaintiff and Respondent.

# MEMORANDUM OPINION[1]

Michael Bruno appeals from a postjudgment order denying his Penal Code[2] section 1172.75 resentencing petition to strike three prior prison term enhancements under section 667.5, subdivision (b) (prison prior) and be resentenced. The trial court denied his petition after determining relief under section 1172.75 was unavailable because, after imposing the three prison priors, the original sentencing court struck the punishment for these enhancements.

We conclude section 1172.75 applies to prison priors that have been imposed but punishment stricken. We reverse the trial court's order and remand for recall of Bruno's sentence and for resentencing in compliance with section 1172.75 and current law.

## BACKGROUND

In 2016, the court sentenced Bruno to 18 years in prison, consisting of the upper term of eight years for assault with a deadly weapon (§ 245, subd. (a)(1)) and imposed two five-year enhancements under section 667, subdivision (a)(1) for two prior serious felony convictions. It struck the punishment for three prison priors that Bruno admitted (§ 667.5, subd. (b)) and for the allegation that Bruno personally inflicted great bodily harm (§12022.7, subd. (a)).

In 2023, the California Department of Corrections and Rehabilitation (CDCR) identified Bruno as a person who is serving a judgment that includes

---

[1]    We resolve this case by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851–854.)

[2]    Undesignated statutory references are to the Penal Code.

prison priors that might be invalid. The court appointed appellant counsel and ordered briefing on Bruno's eligibility for resentencing under section 1172.75. In September 2023, following a hearing, the court denied the request for resentencing finding Bruno ineligible for relief because the original sentencing court struck the punishment for the three prison priors.

## DISCUSSION

Whether the trial court erred in denying Bruno's section 1172.75 petition turns on the legal question whether a prison prior for which the punishment (but not the enhancement itself) was stricken under section 1385, subdivision (b)(1), was "imposed" within the meaning of section 1172.75. We review this question of statutory construction de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)

Under section 1385, subdivision (a), a trial court has the power to strike or dismiss a sentencing enhancement allegation. (*People v. Fuentes* (2016) 1 Cal.5th 218, 225 (*Fuentes*).) Instead of striking or dismissing an enhancement, "the court may instead strike the additional punishment for that enhancement in the furtherance of justice in compliance with subdivision (a)." (§ 1385, subd. (b)(1); *Fuentes,* at p. 225.) If a judge strikes an enhancement, it effectively disappears; it won't be part of the defendant's criminal record or affect future sentencing. (*People v. Flores* (2021) 63 Cal.App.5th 368, 383.) However, if a judge strikes only the punishment, the enhancement remains noted on the criminal record but cannot be applied to increase the punishment in the current case but could impact defendant in a future case. (*Ibid.*; *Fuentes* at p. 225.)

Effective January 1, 2022, Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill No. 483) retroactively invalidated prison priors previously imposed under section 667.5, former subdivision (b). (Stats. 2021, ch. 728, § 3; see former § 1171.1, now § 1172.75.[3]) Senate Bill No. 483 also provided a procedure for recall and resentencing of individuals whose prison priors have been rendered invalid by the bill. (Former § 1171.1.) That procedure is now

---

[3]  Section 1171.1 has been renumbered section 1172.75. (Stats. 2022, ch. 58, § 12.)

codified in section 1172.75.

Section 1172.75, subdivision (a) provides that "[a]ny sentence enhancement that was *imposed* prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (Italics added.) Section 1172.75, subdivision (b) requires the CDCR to identify all inmates "currently serving a term *for a judgment that includes* an enhancement described in subdivision (a)." (Italics added.)

In *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted Feb. 21, 2024, S283189 (*Christianson*), another panel of this court found the word " 'imposed' " was "somewhat ambiguous." (*Id.* at p. 311.) It concluded the statute required the CDRC to identify an inmate under section 1172.75, subdivision (b) if the enhancement is "included in the abstract of judgment, regardless of whether [the enhancement] is imposed or stayed." (*Christianson*, at p. 312.)[4] It reasoned, "[h]ad the Legislature intended for the language in subdivision (b) to limit the identification to those inmates that would necessarily be required to serve an additional term based on the enhancement, it certainly could have done so." (*Ibid.*)

---

4    Appellate courts are divided on whether section 1172.75 applies to an inmate whose sentence includes an otherwise-qualifying prison prior that was imposed and stayed, or whether it applies only when the inmate's sentence includes a prison prior that was imposed and executed. (Compare *People v. Mayberry* (2024) 102 Cal.App.5th 665 [recall and resentencing is available when prison prior enhancement is imposed and stayed]; *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted Mar. 12, 2024, S283547 [same]; and *People v. Renteria* (2023) 96 Cal.App.5th 1276 [same], with *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169 [recall and resentencing is only available when prison prior enhancement is imposed and executed].)

This same reasoning applies here.  Unless the sentencing court strikes an enhancement altogether, it remains "imposed" for purposes of relief under section 1172.75 whether the punishment is stayed or stricken.  Accordingly, the trial court erred in denying Bruno's petition for recall of sentence under section 1172.75.  We therefore remand the matter for the trial court to recall Bruno's sentence and resentence him.

## DISPOSITION

The order denying Bruno's request for resentencing is reversed.  On remand, the trial court is directed to recall Bruno's sentence and resentence him consistent with Penal Code section 1172.75 and current law.

McCONNELL, P. J.

WE CONCUR:


O'ROURKE, J.


BUCHANAN, J.

6