Filed 12/31/24  P. v. Mayes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>STEDVIENO MAYES,<br><br>    Defendant and Appellant. | C100806<br><br>(Super. Ct. No. STK-CR-FE-2011-0007803) |

Defendant Stedvieno Mayes appeals from his resentencing on a Penal Code section 1172.6 petition.[1]  The sole issue raised on appeal is that the trial court erred by failing to dismiss at least one of defendant's section 12022.53, subdivision (b), firearm enhancements under section 1385.  Defendant argues that the trial court had a mandatory duty to dismiss the firearm enhancements because section 1385, subdivision (c)(2)(B) and (C) state that enhancements "shall be dismissed" when multiple enhancements are

---

[1]     Undesignated section references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  We refer to section 1172.6 throughout this opinion.

1

alleged in a single case or when applying an enhancement could result in a sentence greater than 20 years. Finding no error, we affirm.

PROCEDURAL BACKGROUND

In March 2013, a jury found defendant guilty of numerous crimes, including first degree murder (§ 187, subd. (a)), first degree robbery (§ 212.5, subd. (a)), and two counts of kidnapping to commit robbery (§ 209, subd. (b)). The jury also found true allegations that defendant personally used a firearm during the commission of the robbery and kidnappings (§ 12022.53, subd. (b)). In a bifurcated proceeding, the trial court found true an allegation that defendant had suffered a strike prior within the meaning of the Three Strikes law (§§ 667, 1170.12). The court sentenced defendant to a total aggregate term of 123 years and four months to life.

On direct appeal, we modified the judgment to stay the sentence on the robbery conviction under section 654, affirmed the remainder of the judgment, and remanded for resentencing. (*People v. Mayes* (July 7, 2015, C073853) [nonpub. opn.].)[2]

In 2019, defendant filed a petition for resentencing under section 1172.6. (*Mayes I, supra*, C090622.) The trial court summarily denied the petition. (*Ibid*.) Defendant appealed and we reversed and remanded with directions to appoint counsel and conduct further proceedings in accordance with section 1172.6. (*Ibid*.)

On remand, the trial court appointed counsel, held a hearing, and denied the petition. (*Mayes II, supra*, C097314.) On appeal, we reversed and remanded with directions to vacate the murder conviction and resentence defendant on the remaining counts. (*Ibid*.)

---

[2]     On the courts own motion, we take judicial notice of this court's unpublished opinions in defendant's appeals of the original judgment (*People v. Mayes, supra,* C073853), the summary denial of defendant's resentencing petition (*People v. Mayes* (June 28, 2021, C090622) [nonpub. opn.] (*Mayes I*)), and the order denying the resentencing petition after hearing (*People v. Mayes* (Oct. 20, 2023, C097314) ) [nonpub. opn.] (*Mayes II*)). (Evid. Code, §§ 451, subd. (a), 452, subd. (d), 459, subd. (a).)

In March 2024, the trial court vacated defendant's murder conviction and resentenced him to a total aggregate term of 58 years to life, consisting of a determinate term of 10 years (on four separate counts), plus a consecutive indeterminate term of 48 years to life (14 years to life for the two kidnapping counts, doubled under the Three Strikes law, plus two ten-year firearm enhancements). The trial court denied defense counsel's request to dismiss one of the firearm enhancements pursuant to section 1385, subdivision (c), finding that defendant presents a danger to public safety.

Defendant filed a timely notice of appeal challenging his resentencing.

DISCUSSION

Defendant argues that the trial court erred by failing to dismiss at least one of his firearm enhancements under section 1385, subdivision (c)(2)(B) or (C). We disagree.

A.      *Legal Background*

Under section 1385, subdivision (a), the trial court "may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." (§ 1385, subd. (a).) A trial court's discretion to dismiss an "action" encompasses the power to strike or dismiss a sentencing enhancement. (*People v. Fuentes* (2016) 1 Cal.5th 218, 225.)

In 2021, the Legislature amended section 1385 to specify factors that the trial court must consider when deciding whether to strike or dismiss enhancements from a defendant's sentence. (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.) As amended, subdivision (c) of section 1385 provides, in pertinent part: "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that [one of nine specified] mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these [mitigating] circumstances weighs greatly in favor of dismissing the

3

enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(1) & (2).)

Two such mitigating circumstances are relevant here. First, when multiple enhancements are alleged in a single case, section 1385, subdivision (c)(2)(B) provides that "all enhancements beyond a single enhancement shall be dismissed." Second, if the application of an enhancement could result in a sentence longer than 20 years, section 1385, subdivision (c)(2)(C) provides that "the enhancement shall be dismissed."

B.      *Analysis*

Defendant argues that the trial court erred by failing to dismiss at least one of his firearm enhancements under section 1385, subdivision (c)(2)(B) or (C) because those provisions state that enhancements "shall be dismissed" when the mitigating circumstances are present (i.e., when multiple enhancements are alleged or when applying an enhancement could result in a sentence over 20 years). As none of the other mitigating circumstances listed in section 1385 include this same language, defendant argues that subdivision (c)(2)(B) and (C) must be construed as imposing a mandatory duty of dismissal, regardless of whether dismissal would endanger public safety.

The meaning of the phrase "shall be dismissed" is a question of statutory interpretation, which we review de novo. (*People v. Cota* (2023) 97 Cal.App.5th 318, 335 (*Cota*).) Our fundamental task is to determine the Legislature's intent to effectuate the law's purpose. (*People v. Murphy* (2001) 25 Cal.4th 136, 142.) Because the statutory language is generally the most reliable indicator of intent, we look first at the words themselves, giving them a plain and commonsense meaning. (*Ibid.*) But we do not consider the statutory language " 'in isolation.' " (*Ibid.*) Rather, "[w]e must harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.' " (*Ibid.*)

Considering the language of section 1385, subdivision (c)(2)(B) and (C) in the context of the statute as a whole, we conclude—contrary to defendant's interpretation—

that the phrase "shall be dismissed" is not mandatory and does not require dismissal of an enhancement in all circumstances. We are not alone. To our knowledge, every appellate court to pass on this issue has reached the same conclusion: that the "shall be dismissed" language in section 1385, subdivision (c)(2)(B) and (C) does not mandate dismissal if doing so would endanger public safety. (*People v. Mazur* (2023) 97 Cal.App.5th 438, 444, review granted Feb. 14, 2024, S283229, review dism. and remanded Oct. 23, 2024; *Cota, supra*, 97 Cal.App.5th at pp. 335-340; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1284, 1286-1290; *People v. Walker* (2022) 86 Cal.App.5th 386, 395-398, review granted Mar. 22, 2023, S278309, affd. on other grounds by *People v. Walker* (2024) 16 Cal.5th 1024, 1029-1030; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 294-297, review den. Apr. 26, 2023; *People v. Anderson* (2023) 88 Cal.App.5th 233, 238-241, review granted Apr. 19, 2023, S278786, review dism. and remanded Oct. 23, 2024 (*Anderson*); *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 17-21, review den. Mar. 22, 2023.) We find these cases persuasive and adopt their reasoning.

As our appellate colleagues have explained, while the use of the term "shall" generally signals that dismissal is mandatory, we cannot " 'pluck this phrase out of its placement in the statute and consider it in isolation; instead, we are required to consider where it fits into the " ' "context of the statute as a whole." ' " ' " (*Anderson, supra*, 88 Cal.App.5th at p. 239.) "Here, the statement that a court 'shall' dismiss certain enhancements appears as a subpart to the general provision that a 'court shall dismiss an enhancement if it is in the furtherance of justice to do so.' [Citation.] In other words, the dismissal of the enhancement is conditioned on a court's finding dismissal is in the interest of justice." (*Ibid*., italics omitted; see *People v. Walker, supra* 16 Cal.5th at p. 1033 [the ultimate question before the court remains whether dismissal is in the furtherance of justice].) "In exercising its discretion under this subdivision," section 1385, subdivision (c)(2) directs that the court "shall consider and afford great weight" to evidence of any of the listed mitigating circumstances, adding that "the presence of one

5

or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).) Taken together, this language means that a finding of danger to public safety can "overcome" the mitigating circumstances in favor of dismissal. (*Anderson, supra*, at p. 239.) If the sentencing court finds "dismissal *would* endanger public safety," then it "need *not* give great weight" to the listed mitigating circumstances. (*People v. Mazur, supra*, 97 Cal.App.5th at p. 445, review dism. and remanded.)

We therefore join our colleagues in concluding that the phrase "shall be dismissed" in section 1385, subdivision (c)(2)(B) and (C) is not mandatory and does not require dismissal when the trial court finds doing so would endanger public safety. (See, e.g., *Cota, supra*, 97 Cal.App.5th at p. 337; *People v. Mendoza, supra*, 88 Cal.App.5th at p. 296, review den.; *Anderson, supra*, 88 Cal.App.5th at pp. 239-240.) Defendant's attempt to persuade us to reject this line of authority is unavailing.

In this case, the trial court found that dismissing defendant's firearm enhancements would endanger public safety. Thus, the trial court did not have a mandatory duty to strike or dismiss the firearm enhancements.

DISPOSITION

The judgment is affirmed.

_____\s\_____,
Krause. J.

We concur:

_____\s\_____,
Hull, Acting P. J.

_____\s\_____,
Mesiwala, J.