Filed 1/7/25  P. v. Goodson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083070 |
| v. | (Super.Ct.No. CR61218) |
| KURT LEE GOODSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed with directions.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

PROCEDURAL HISTORY[1]

In 1996, defendant Kurt Lee Goodson was sentenced to 70 years to life in prison for second degree murder with various enhancements. In a nonpublished opinion (*People v. Goodson* (Apr. 21, 1998, E019189), this court affirmed the conviction but remanded for resentencing. At resentencing, the trial court imposed a 45-year-to-life sentence and added some enhancements erroneously omitted in the original sentencing, including one year for a prior prison term enhancement under Penal Code[2] section 667.5, subdivision (b). In the appeal from that resentencing (*People v. Goodson* (July 16, 1999, E023697) [nonpub. opn.]), this court directed the sentencing court to strike the prior prison term enhancement. The trial court then struck the one-year prior prison term enhancement. The fourth amended abstract of judgment filed July 26, 1999, erroneously states that the *punishment* for the one-year prison term was stricken and must be corrected.

At the hearing held pursuant to section 1172.75, the court determined that defendant is not eligible for a full resentencing because the prior prison term enhancement was previously stricken. The trial court relied on this court's decision in *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*). *Rhodius* held that because the one-year prior prison term enhancements under

---

[1]    Consideration of the underlying facts of this case is not necessary to determine the issue on appeal. We therefore omit a statement of facts.

[2]    All statutory references are to the Penal Code unless otherwise indicated.

section 667.5, subdivision (b), had been stayed by the trial court, he was not entitled to a full resentencing hearing under section 1172.75.

Defendant filed a timely notice of appeal. On appeal, defendant contends the court erred in denying him a full resentencing hearing pursuant to section 1172.75.

DISCUSSION

Section 1172.75, subdivision (a) states, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, . . . is legally invalid." Subdivision (b) of section 1172.75 directs the California Department of Corrections and Rehabilitation (CDCR) and county correctional administrators to identify "persons in their custody currently serving a term for a judgment that includes an enhancement" under section 667.5, subdivision (b).[3]

Upon receipt of the list, the sentencing court must verify that "the current judgment includes a sentencing enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) If so, the sentencing court must recall the sentence and resentence the defendant. (*Ibid.*)

_____

[3] Because there was no indication in the record on appeal that CDCR provided defendant's name to the sentencing court as a person serving a term for a judgment that includes a section 667.5, subdivision (b), prior enhancement as required by section 1172.75, we requested additional briefing from the parties as to whether the appeal should be dismissed. (*People v. Escobedo* (2023) 95 Cal.App.5th 440, 447-448; *People v. Burgess* (2022) 86 Cal.App.5th 375, 380-381.) In response, defendant filed a request to augment the record with a supplemental list that CDCR provided to the sentencing court. Defendant's name and case number were on that list. This court granted the motion to augment the record with the list on September 11, 2024. Therefore, the appeal does not need to be dismissed for lack of jurisdiction.

3

At the resentencing, a sentence less than the original sentence must be imposed due to the elimination of the enhancement, unless the court finds a lesser sentence would endanger public safety. The court must also apply any other changes in law that reduce sentences or provide for judicial discretion. (§ 1172.75, subd. (d)(1)-(2).)

The appellate courts are divided on whether these provisions apply to prior prison term enhancements that have been stayed or stricken, and the California Supreme Court has granted review in most of these cases. In *Rhodius*, *supra*, 97 Cal.App.5th 38, the sentencing court imposed but stayed the punishment for two prior prison term enhancements under section 667.5, subdivision (b). At the section 1172.75 hearing, the trial court struck the two prison priors but denied a full resentencing hearing. (*Rhodius*, at pp. 41-42.) On appeal in *Rhodius*, this court interpreted the word "imposed" in subdivision (a) of section 1172.75 to mean a sentence enhancement that was "imposed and executed." (*Rhodius*, at pp. 44-45, 47-48.) We therefore held that section 1172.75 did not apply to prior prison term enhancements that had been stayed. (*Rhodius*, at pp. 48-49.)

In interpreting section 1172.75, this court in *Rhodius* looked at the statute as a whole and determined the requirement that resentencing under the statute should result in a lesser sentence than the original one meant that the prior prison term must have been imposed and executed. (*Rhodius*, *supra*, 97 Cal.App.5th at pp. 43-45.) We determined the legislative history indicated an intent to end "double" punishment for prior convictions and longer incarceration periods. (*Id.*, at p. 46.) Because the enhancement

4

had been stayed and the sentence could not be lowered in a resentencing, this court held in *Rhodius* that section 1172.75 did not apply to it.  (*Rhodius*, at p. 45.)

Other courts, such as the Fourth Appellate District, Division One in *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted February 21, 2024, S283189, interpreted the word "imposed" to include prior prison term enhancements which had been imposed and stayed.  *Christianson* reasoned in part that the court retains the ability to lift the stay and impose the punishment for the enhancement under certain circumstances, which the court held was more in keeping with the legislature's intent to reduce sentences when enacting section 1172.75.  (*Christianson*, *supra*, at pp. 311-314; see *People v. Mayberry* (2024) 102 Cal.App.5th 665, 673-676, review granted August 14, 2024, S285853 [Fifth District]; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1272-1273, review granted March 12, 2024, S283547 [Third District]; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1281-1283 [Sixth District].)

In the present case, the prior prison term enhancement was stricken, not stayed.  In *People v. Espino* (2024) 104 Cal.App.5th 188, review granted October 23, 2024, S286987, the Sixth District Court of Appeal held that the term "imposed" as used in section 1172.75 also included prior prison term enhancements for which punishment had been stricken.  *Espino* held that defendants with stricken punishment for prior prison term enhancements are entitled to full resentencing, reasoning that the Legislature intended the phrase "[a]ny sentence enhancement" in section 1172.75 to be applied broadly, whether the punishment was executed, stayed or stricken.  (*Espino*, *supra*, at pp. 196-197.)

5

Because the enhancement in this case was stricken, it was not imposed and executed, and the section 1172.75 requirement for a resentencing hearing does not apply. In fact, since the enhancement was previously stricken, there was nothing more the trial court could do to eliminate punishment for the enhancement and impose a lesser sentence.  (§ 1172.75, subd. (d)(1).)  We therefore hold the trial court correctly denied relief pursuant to section 1172.75.

Defendant argues a prior enhancement for which punishment has been stricken remains on the abstract of judgment which could lead to imposition of increased punishment in future cases.  (*People v. Garner* (2016) 244 Cal.App.4th 1113, 1118.) *Garner* held that if a sentence is recalled, a trial court may reconsider all sentencing choices, including a sentencing enhancement for which the punishment had previously been stricken.  The fact that the enhancement could be used in a potential recall of resentence does not add to sentence imposed in *this* case.  If an enhancement or its punishment is stricken, the enhancement cannot be used to add punishment in that case. (*People v. Fuentes* (2016) 1 Cal.5th 218, 225-226; *People v. Flores* (2021) 63 Cal.App.5th 368, 383.)  Section 1172.75 does not address any collateral consequences of a prior prison term enhancement.  Moreover, in this case because the enhancement itself was stricken; it will not appear on the abstract of judgment.  If the enhancement itself is vacated, it should not appear on the abstract of judgment and should not be subject to use in the future.  "If a judge strikes the enhancement, it's as if the fact of the enhancement

never existed—it will not remain on the defendant's criminal record nor will it affect them in any potential future sentencing." (*Flores*, *supra*, at p. 383.)

DISPOSITION

The clerk of the superior court is directed to correct the fourth amended abstract of judgment filed July 26, 1999, by omitting the section 667.5, subdivision (b) enhancement and to transmit a copy of the corrected abstract of judgment to the CDCR. In all other respects, the order denying relief under section 1172.75 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

MILLER
J.
MENETREZ
J.

7