Filed 5/21/24  P. v. Bahenavalle CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JHONATAN IVAN BAHENAVALLE,<br><br>    Defendant and Appellant. | G063093<br><br>(Super. Ct. No. 20HF1830)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Steven D. Bromberg, Judge.  Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent defendant Jhonatan Ivan Bahenavalle on appeal.  Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d

436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), setting forth the facts of the case, raising no issues, and requesting that we independently review the entire record.  We provided Bahenavalle 30 days to file written argument on his own behalf; no supplemental response has been received.

We have examined the entire record and appointed counsel's *Wende/Anders* brief; we find no reasonably arguable issue.  (*Wende*, *supra*, 25 Cal.3d 436.)  We therefore affirm.

## BACKGROUND

On November 14, 2020, Bahenavalle attended a party at the home of Karina B. and Silvino M. in Lake Forest, California.  Bahenavalle was wearing a camouflage shirt.  As the party was breaking up, a fight began in the front yard.  Silvino was stabbed twice, once in the right upper chest and once in the right lower abdomen.  He did not see who stabbed him.  Before being stabbed, Silvino did not see anyone hit Bahenavalle; nor did he see anyone hit the men who came to the party with Bahenavalle.

Bahenavalle's friend Christian T., who came to the party with Bahenavalle, was kicked or pushed to the ground and attacked during the fight; Christian did not see Bahenavalle during the fight or after Silvino was stabbed and the fight ended.

Silvino was treated at a trauma hospital, spent time in the surgical intensive care unit, and had a chest tube inserted to drain blood from his chest cavity.  The trauma doctor closed both stab wounds with staples.  Silvino was admitted to the hospital for about five days and continued breathing therapy for five months.

A surveillance camera recorded the fight.  The man who could be seen in the video stabbing Silvino was wearing a camouflage shirt and an Adidas hat worn backwards on his head.  Based on the surveillance tape, a sheriff's investigator made contact with Bahenavalle on November 15, the day after the fight.  At that time, Bahenavalle was wearing a camouflage shirt and an Adidas hat worn backwards on his head.  Bahenavalle had injuries on the left side of his face and left shoulder.  Bahenavalle

2

told the investigator he had been jumped by a group of people at a party. Bahenavalle's clothing, hair, beard, and distinct forearm tattoo matched those of the person seen stabbing Silvino in the videotape.

Bahenavalle's car was involved in a crash on the northbound side of the Interstate 5 freeway in the early hours of November 15, 2020, just north of Lake Forest.[1] The vehicle suffered front end damage, making it inoperable. The highway patrol officer who was dispatched to the scene noticed a knife in the front passenger compartment of the vehicle. An Orange County Sheriff's Department investigator searched Bahenavalle's car after it was impounded and recovered a folding pocketknife. Forensic testing revealed the pocketknife contained both Bahenavalle's fingerprints and Silvino's DNA.

Bahenavalle was charged in an information with assault with a deadly weapon, plus a sentencing enhancement allegation that he inflicted great bodily injury. (Pen. Code, §§ 245, subd. (a)(1), 12022.7, subd. (a).) A jury found Bahenavalle guilty and found the great bodily injury enhancement to be true. The trial court sentenced Bahenavalle to five years in prison: the low term of two years for assault with a deadly weapon, plus three years for the great bodily injury sentencing enhancement. Bahenavalle filed a timely notice of appeal.

ANALYSIS OF POTENTIAL ISSUES

Before trial, Bahenavalle filed a motion pursuant to Penal Code section 995, subdivision (a)(2)(B) to set aside the information on the grounds (1) the prosecution failed to prove at the preliminary hearing that Bahenavalle was not acting in self-defense and (2) the sheriff's investigator did not positively identify Bahenavalle at the preliminary hearing. "'An information will not be set aside [where] there is some

---

[1] Police officers were dispatched to the scene of the stabbing in Lake Forest at 2:42 a.m. on November 15. The highway patrol officer dispatched to the scene of Bahenavalle's car accident did not remember when he was dispatched, although he concluded the incident at about 3:40 a.m. on November 15.

rational ground for assuming the possibility an offense has been committed and the [defendant] is guilty of it.'" (*Williams v. Superior Court* (1969) 71 Cal.2d 1144, 1147–1148.) The prosecution did need not to offer any evidence on the issue of self-defense at the preliminary hearing. (*People v. Superior Court (Day)* (1985) 174 Cal.App.3d 1008, 1021–1022.) Moreover, the investigator's identification was proper. (See *People v. Green* (1979) 95 Cal.App.3d 991, 1003 [prosecution may demonstrate defendant's identification by any competent evidence].) Given the applicable standards, the trial court properly denied the motion.

Bahenavalle filed a motion for personnel information from the sheriff's department files pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*). The sole basis for that motion was a notification that "evidence booking audit records" existed relating to the investigating officer in the present case, and that those records could be accessed by agreeing to a global stipulation incorporating a protective order or filing a *Pitchess* motion. The sheriff's office submitted on the issue of good cause as to information relating to the evidence audit. Bahenavalle's *Pitchess* motion, however, sought the trial court's review of the entirety of the officer's personnel files and not simply the records referenced in the notification. Bahenavalle failed to show good cause for discovery of such additional documents. (*People v. Sanderson* (2010) 181 Cal.App.4th 1334, 1339–1340.) The *Pitchess* motion was taken off calendar and never ruled on, presumably after the evidence booking audit records were provided. The court did not err by refusing to grant the motion as to the officer's personnel records unrelated to the evidence booking audit.

Bahenavalle also filed numerous motions in limine before trial. All but one of the motions were generic and not tied directly to the facts and issues of this case. The trial court's rulings on those motions were not in error. The sole exception—a motion that statements by Bahenavalle's friend Christian, which were included in an investigator's report, not be excluded as hearsay—was granted by the court with the

4

understanding that the report could be used to refresh Christian's recollection. We find no error. (*People v. Sánchez* (2016) 63 Cal.4th 411, 456 [trial court's ruling on admission or exclusion of evidence reviewed for abuse of discretion].)

On the first day of trial, the prosecutor advised the trial court his investigator had just provided him with photographs he intended to admit at trial. The prosecutor advised the court he was unaware of the evidence earlier and had provided it immediately to defense counsel. The prosecutor wanted to use the photos to disprove Bahenavalle's self-defense argument by showing there was another reason for Bahenavalle's injuries—a car accident. Of the five photos the prosecutor sought to use, the court allowed the prosecutor to offer two photographs of damage to a vehicle "to introduce the fact that Defendant had several injuries that were on his face from the day of the incident, just later on, and is going to try to allege that those were possibly self-defense." The court also allowed the prosecutor to offer a full-length photograph of Bahenavalle to show Bahenavalle's body size and stature at the time of the incident. Finally, the court excluded two of the photographs—a close-up view of Bahenavalle and one of the interior of the vehicle with the driver's side air bag deployed. We find no abuse of discretion by the court. (*People v. Sánchez, supra*, 63 Cal.4th at p. 456.)

In addition to the verdict form for assault with a deadly weapon, the jury was given a verdict form for the lesser included offense of simple assault; it found Bahenavalle guilty of both offenses. After the jury presented its verdicts to the trial court, the court sent them back to the jury room to indicate which was the proper verdict by placing an X over the entire unused verdict. The jury returned with a guilty verdict on the assault with a deadly weapon charge and a true finding on the great bodily injury enhancement. The jury was polled, and all jurors agreed that was their verdict. The parties agreed the evidence at trial did not support a lesser included offense, and the court acknowledged it had been error to give the simple assault verdict form to the jury. The court, however, found the error was harmless because of the "overwhelming" evidence of

5

Bahenavalle's guilt. We agree any error was harmless. (*People v. Trotter* (1992) 7 Cal.App.4th 363, 370–371 [*People v. Watson* (1956) 46 Cal.2d 818, 836 standard applies to clerical errors in the verdict form].)

The sentence imposed was proper and was properly calculated. (Pen. Code, §§ 245, subd, (a)(1), 12022.7, subd. (a).) The trial court imposed the low term of two years for assault with a deadly weapon, plus three years for the great bodily injury sentencing enhancement. No inapplicable fines or fees were imposed.

The trial court found Bahenavalle to be presumptively ineligible for probation. (Pen. Code, § 1203, subd. (e)(2) & (3) ["[e]xcept in unusual cases," probation shall not be granted to a defendant who uses a deadly weapon or who willfully inflicts great bodily injury in committing the crime].) Other than Bahenavalle's lack of a previous criminal history, there were no mitigating factors or unusual circumstances. The court's findings are supported by substantial evidence.

Finally, the trial court rejected the option of striking or dismissing the great bodily injury enhancement pursuant to Penal Code section 1385 because it found doing so would not be in the interests of justice. (*People v. Fuentes* (2016) 1 Cal.5th 218, 224–225 [trial court has discretion to strike or dismiss a sentencing enhancement allegation].) The court did not err.

Our review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, has disclosed no reasonably arguable appellate issue. Competent counsel has represented defendant in this appeal.

## DISPOSITION

The judgment is affirmed.


                                        GOODING, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


DELANEY, J.