Filed 12/4/24  P. v. Gastelum CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>BRUXS GASTELUM,<br><br>　　Defendant and Appellant. | H051460<br>(Santa Clara County<br>Super. Ct. No. 194184) |

Penal Code section 1172.75 requires resentencing where a person is in custody for a current judgment that includes an enhancement "imposed" under former Penal Code section 667.5, subdivision (b), unless the enhancement was imposed for certain sexually violent offenses.  (Pen. Code, § 1172.75, subds. (a), (c); unspecified statutory references are to the Penal Code.)  Defendant Bruxs Gastelum appeals from the denial of his section 1172.75 request for a full resentencing.  Defendant's entitlement to relief turns on whether a prior prison term enhancement was "imposed" within the meaning of section 1172.75, subdivision (a) when the one-year additional punishment was struck.  In keeping with this court's decisions in *People v. Espino* (2024) 104 Cal.App.5th 188, rev. granted Oct. 23, 2024, S286987 (*Espino*) and *People v. Renteria* (2023) 96 Cal.App.5th 1276 (*Renteria*), we conclude defendant is entitled to resentencing.

## I.　BACKGROUND

Defendant was convicted in 1997 of first degree burglary (§§ 459, 460, subd. (a)), possession of a firearm by a felon (former § 12021, subd. (a)), and misdemeanor

possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)). It was further found true that defendant had a prior prison term (former section 667.5, subd. (b)), a prior serious felony conviction (§ 667, subd. (a)), and four prior strike convictions (§ 667, subds. (b)–(i)). Denying defendant's motion to dismiss his prior strike convictions under section 1385, the trial court sentenced him under the Three Strikes law to an indeterminate term of 50 years to life for the two felonies, consecutive to an additional five-year enhancement for the prior serious felony. (A six-month jail term for the misdemeanor was satisfied by time served.) As for the enhancement under former section 667.5, subdivision (b), the trial court stated: "The prison prior, having been found true, which is a one-year prior, I strike the punishment for that in the interest of justice."

On remand for resentencing in 1999, the trial court reimposed the original sentence, concluding that the burglary and firearm possession offenses were separate crimes for purposes of section 654.

In 2023, the California Department of Corrections and Rehabilitation (CDCR) identified defendant under section 1172.75, subdivision (b) as currently serving a term for a judgment that includes an enhancement imposed under former section 667.5, subdivision (b). The prosecution opposed resentencing, arguing that defendant was ineligible because the prison prior enhancement had not been imposed *and executed*. Adopting the prosecution's interpretation of section 1172.75, the trial court denied defendant's request for resentencing.

## II.    DISCUSSION

This case presents an issue of statutory interpretation, which we review de novo. (*Renteria*, *supra*, 96 Cal.App.5th at pp. 1281–1282.) The issue is whether an enhancement was "imposed," as that term is used in section 1172.75, subdivision (a), when the sentencing court struck the additional punishment for that enhancement. Defendant argues the trial court misconstrued section 1172.75 and a prison prior enhancement is "imposed" whenever it is included in a judgment, even if the

2

corresponding punishment is struck. The Attorney General contends section 1172.75 applies only to prison prior enhancements that were both imposed *and executed* (despite having conceded in previous cases that an enhancement was "imposed" even if the additional punishment was stayed—see, e.g., *Renteria*, at pp. 1279–1280). We agree with defendant that the Legislature did not intend the scope of section 1172.75 to be so limited.

Section 667.5, which previously contemplated a one-year sentencing enhancement for any prior felony conviction resulting in a prison sentence within a prescribed period, now allows an enhancement only for prior sexually violent offenses. (§ 667.5, subd. (b); Stats. 2019, ch. 590, § 1.) "*Any* sentence enhancement that was imposed" under former section 667.5, subdivision (b), except for those enhancements imposed for sexually violent offenses, is now "legally invalid." (§ 1172.75, subd. (a), italics added.) Section 1172.75, subdivision (b) tasks CDCR with identifying "those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)" and providing that information to the appropriate trial court. That court is then tasked with verifying that a defendant's current judgment "includes a sentencing enhancement described in subdivision (a)" and, if so, resentencing the defendant. (§ 1172.75, subd. (c).) Resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).) The resentencing court shall also "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) Postconviction mitigating factors may be considered. (§ 1172.75, subd. (d)(3).)

The Legislature's choice to mandate full resentencing for eligible defendants indicates that its intent was not simply to eliminate the one-year sentences directly

attributable to the now-invalid enhancements.  It instead appears to have intended that sentences be ameliorated as much as possible, subject to the limiting principle that a now-invalid enhancement was "imposed".[1]  That apparent overarching intent informs our reading of the word "imposed" as used in section 1172.75, subdivision (a), which is susceptible of multiple interpretations.  (See *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125 ["the word 'impose' applies to enhancements that are 'imposed and then *executed*' as well as those that are 'imposed and then *stayed*' "] (*Gonzalez*); *People v. Christianson* (2023) 97 Cal.App.5th 300, 311 [the word, as used in § 1172.75, "is at least somewhat ambiguous"], rev. granted Feb. 21, 2024, S283189 (*Christianson*).)

In *Gonzalez*, the California Supreme Court considered the meaning of the word "imposed" in a different statutory context:  section 12022.53, subdivision (f), which provides that only "one additional term of imprisonment" for a firearm enhancement "shall be imposed per person for each crime."  Taking into consideration other provisions of section 12022.53, which functioned to "ensure execution of the maximum enhancement", the Supreme Court concluded that "imposed" as used in that context meant "imposed and then *executed*" rather than "imposed and then *stayed*."  (*Gonzalez*, *supra*, 43 Cal.4th at pp. 1126–1130.)  Here, unlike in *Gonzalez*, the relevant statute refers not to the imposition of a "term of imprisonment" but instead to the imposition of an

---

[1]  The uncodified section of Senate Bill No. 483 (2021–2022 Reg. Sess.), which created what is now section 1172.75, declares the Legislature's intent "to ensure equal justice and address systemic racial bias in sentencing" by applying its repeal of sentencing enhancements for prior prison terms retroactively "to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements."  (Stats. 2021, ch. 728, § 1.)  Because that language does not suggest an intent to *deny* relief to other individuals, nor that the stated goal was the *only* purpose of the Senate Bill No. 483, we do not read it as narrowing the intended scope of section 1172.75.  (*Espino*, *supra*, 104 Cal.App.5th at pp. 199–200, rev. granted.)

"enhancement."[2] And as we have noted, the Legislature's intent was not to *maximize* punishment but to *minimize* it. *Gonzalez* thus provides little guidance beyond confirming that the word "imposed" has multiple possible meanings.

Although only two such meanings were discussed in *Gonzalez*, the Supreme Court did not conclude that the word "imposed" can never refer to an enhancement for which punishment was struck. The question presented in *Gonzalez* was whether a sentencing court, having already imposed and executed the maximum possible firearm enhancement, should (1) impose and then stay any remaining lesser firearm enhancements or (2) strike those enhancements entirely. (*Gonzalez, supra*, 43 Cal.4th at pp. 1123–1124.) It would have made little sense in that context to require imposing the lesser enhancement but striking the punishment, as opposed to striking the enhancement itself (so it would be removed from the defendant's criminal record) or staying the punishment (so it could be executed in the event the greater enhancement were reversed on appeal). (See *People v. Fuentes* (2016) 1 Cal.5th 218, 225–226 (*Fuentes*); *Christianson, supra*, 97 Cal.App.5th at p. 312, rev. granted.) Neither party in *Gonzalez* suggested the "imposed" enhancements in section 12022.53 were specifically those enhancements for which punishment was struck, nor did the Supreme Court itself raise that unlikely possibility. *Gonzalez* thus tells us little about whether the universe of "imposed" enhancements contemplated by section 1172.75 includes those for which punishment was struck.

---

[2] As discussed in *Gonzalez*, an enhancement may be "imposed" or "stricken." (See *Gonzalez*, *supra*, 43 Cal.4th at pp. 1123–1124.) Once the enhancement is imposed, punishment (i.e., a term of imprisonment) may be "executed" or "stayed." (See *id.* at p. 1125.) In addition to those possibilities, a sentencing court with discretion to strike an enhancement in its entirety may alternatively elect to strike only the punishment associated with that enhancement. (§ 1385, subd. (b)(1).) "If a judge strikes the enhancement, it's as if the fact of the enhancement never existed—it will not remain on the defendant's criminal record nor will it affect them in any potential future sentencing. If, however, a judge strikes the punishment only, the fact of the enhancement *will* remain in the defendant's criminal record" but cannot be used to impose additional punishment in the current case. (*People v. Flores* (2021) 63 Cal.App.5th 368, 383.)

More relevant to our analysis are appellate decisions directly addressing section 1172.75, beginning with *Renteria*. In that case, the Attorney General conceded that enhancements "imposed" for purposes of section 1172.75 include those imposed and then stayed. (*Renteria*, *supra*, 96 Cal.App.5th at pp. 1279–1280.) A different panel of this court accepted the concession. (*Id.* at pp. 1282–1283.) Most other appellate courts to consider the question have reached the same conclusion. (See *People v. Mayberry* (2024) 102 Cal.App.5th 665, 675–676, rev. granted Aug. 14, 2024, S285853; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276–1277, rev. granted Mar. 12, 2024, S283547; *Christianson*, *supra*, 97 Cal.App.5th at p. 314–315, rev. granted; but see *People v. Rhodius* (2023) 97 Cal.App.5th 38, 44, rev. granted Feb. 21, 2024, S283169.) The Attorney General's position in this case—that section 1172.75 "does not apply to defendants with prior prison term enhancements that were imposed and stayed, or where the punishment was never imposed but stricken"—is contrary to the weight of appellate authority, from which we see no reason to depart.[3]

Nor do we see any reason to distinguish between imposed enhancements for which punishment was stayed and those for which punishment was struck. Another panel of this court considered that question in *Espino* and concluded "section 1172.75 should be interpreted to apply whenever a prison prior was imposed, whether punishment was executed, stayed, or struck." (*Espino*, *supra*, 104 Cal.App.5th at p. 193, rev. granted.) We agree with the reasoning of the *Espino* majority and follow it here. Section 1172.75 is "expressly aimed at *reducing* sentences by retroactively eliminating a sentencing

---

[3] The Attorney General contends our interpretation of the statute is inconsistent with section 1172.75, subdivision (d)(1), which generally requires that resentencing result in a "lesser sentence" than originally imposed. That argument has been considered and rejected by appellate courts, both where the punishment for the imposed enhancement was stayed and where it was struck. (See *Christianson*, *supra*, 97 Cal.App.5th at p. 312, rev. granted; *Espino*, *supra*, 104 Cal.App.5th at p. 197, rev. granted.) The Attorney General has not persuaded us to conclude otherwise in this case or, as we will explain, to treat those two scenarios differently.

enhancement" seen as exacerbating sentencing disparities, and should be read broadly in order to effectuate that goal by reducing sentences in as many cases as possible. (*Christianson*, *supra*, 97 Cal.App.5th at p. 314, rev. granted.) A broad reading would also be appropriate even if the legislative intent were unclear, given "the rule of lenity's overriding principle that, where the Legislature's intent cannot be determined, courts must prefer the interpretation that is most favorable to defendants." (*Espino*, at p. 198, rev. granted.) And we find it unlikely that the Legislature intended to draw a now-trivial distinction between those whose additional punishment was stayed and those whose punishment was struck, as the underlying enhancements themselves have been invalidated and no punishment could legally be imposed on resentencing in either case.

We note that some individuals for whom prior prison term enhancements were imposed, but the corresponding punishments struck, may fall within an even narrower interpretation of section 1172.75 and its intended beneficiaries. In certain circumstances, the mere fact that an enhancement appears as part of a defendant's judgment may limit his or her ability to accrue conduct credits even if punishment for the enhancement was struck—effectively prolonging a prison term. (See *In re Pacheco* (2007) 155 Cal.App.4th 1439, 1444–1445.) Even if an enhancement does not have the effect of increasing punishment, as in the instant case, "the finding or admission could negatively impact defendant in *future* criminal cases as well." (*Fuentes*, *supra*, 1 Cal.5th at p. 225.)

Although section 1172.75 may not be ideally calibrated to address past sentencing disparities, "it is not our role in interpreting statutes to make them fit the perceived policies underlying them perfectly in all instances; it is to ascertain the Legislature's intent, even if the legislation may be imperfectly drawn in some instances." (*Espino*, *supra*, 104 Cal.App.5th at p. 201, rev. granted.) By enacting section 1172.75, the Legislature intended to *reduce* past sentences by providing *full* resentencing relief to *all* incarcerated individuals for whom now-invalid prison prior enhancements were "imposed." Had the Legislature intended to reduce only sentences including *executed*

enhancements, it could have done so expressly.  The Legislature's choices instead suggest that section 1172.75 should be read broadly, and that references to "imposed" enhancements include those for which punishment was struck.  Defendant is therefore entitled to resentencing.

### III.    DISPOSITION

The order denying defendant's request for resentencing is reversed.  The matter is remanded to the trial court, which is directed to recall defendant's sentence and resentence him consistent with Penal Code section 1172.75 and current law.

_____

Grover, J.

**I CONCUR:**


_____

Greenwood, P. J.

H051460
*The People v. Gastelum*

Lie, J., Dissenting:

For the reasons I stated in *People v. Espino* (2024) 104 Cal.App.5th 188, 202–206 (dis. opn. of Lie, J.), I respectfully dissent.

_____
LIE, J.

*People v. Gastelum*
H051460