Filed 1/16/25  P. v. Lopez CA4/2
See dissenting opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082898 |
| v. | (Super.Ct.No. SWF1600815) |
| ANTONIO CEASAR LOPEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed with directions.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

1

PROCEDURAL HISTORY

Defendant Antonio Ceasar Lopez pled guilty to count 2, possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1))[1]; and count 3, being under the influence of a controlled substance, a misdemeanor (Health & Saf. Code, § 11550, subd. (a)).  A jury then found him guilty of count 1, assault with a firearm and found true his personal use of a firearm during its commission.  (§§ 245, subd. (b), 12022.5, subd. (a).)  Defendant admitted that he had suffered two prior prison terms (§ 667.5, subd. (b)), one prior serious felony (§ 667, subd. (a)), and one prior strike conviction (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)).  Defendant was sentenced to a total term of 17 years in prison.  The superior court struck the punishment for two prior prison term enhancements under section 667.5, subdivision (b).[2]

The superior court determined defendant was ineligible for resentencing under section 1172.75.  Defendant filed a timely appeal from that order.

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    The minute order for the sentencing hearing and the abstract of judgment both erroneously state the court stayed the punishment for the section 667.5, subdivision (b) enhancements and must therefore be corrected.  (*People v. Boyd* (2024) 103 Cal.App.5th 56, 63 [a court has the power to correct clerical errors in the record at any time.  Clerical error occurs when a mistake is made in recording the judgment].)

DISCUSSION[3]

Section 1172.75, subdivision (a) states, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, . . . is legally invalid." Subdivision (b) of section 1172.75 directs the California Department of Corrections and Rehabilitation (CDCR) and county correctional administrators to identify "persons in their custody currently serving a term for a judgment that includes an enhancement" under section 667.5, subdivision (b).

Upon receipt of the list, the sentencing court must verify that "the current judgment includes a sentencing enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) If so, the sentencing court must recall the sentence and resentence the defendant. (*Ibid.*)

At the resentencing, a sentence less than the original sentence must be imposed due to the elimination of the enhancement, unless the court finds a lesser sentence would endanger public safety. The court must also apply any other changes in law that reduce sentences or provide for judicial discretion. (§ 1172.75, subd. (d)(1)-(2).)

The appellate courts are divided on whether these provisions apply to prior prison term enhancements that have been stayed or stricken, and the California Supreme Court has granted review in most of these cases. In *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*), the sentencing court imposed but stayed the punishment for two prison prior enhancements under

---

[3] Because the facts of the underlying case are not relevant to the issue on appeal, we omit a statement of facts.

3

section 667.5, subdivision (b).  At the section 1172.75 hearing, the trial court struck the two prison priors but denied a full resentencing hearing.  (*Rhodius*, *supra*, at pp. 41-42.)  On appeal in *Rhodius*, this court interpreted the word "'imposed'" in subdivision (a) of section 1172.75 to mean a sentence enhancement that was "'imposed and executed.'"  (*Rhodius*, at pp. 44-45, 47-48.)  In interpreting section 1172.75, this court in *Rhodius* looked at the statute as a whole and determined the requirement that resentencing under the statute should result in a lesser sentence than the original one meant that the prior prison term must have been imposed and executed.  (*Rhodius*, at pp. 43-45.)  We determined the legislative history indicated an intent to end "double" punishment for prior convictions and longer incarceration periods.  (*Id.*, at p. 46.)  Because the enhancement had been stayed and the sentence could not be lowered in a resentencing hearing, this court held in *Rhodius* that section 1172.75 did not apply to it.  (*Rhodius*, at pp. 45, 48-49.)  We therefore held that section 1172.75 did not apply to prior prison term enhancements that had been stayed.  (*Rhodius*, at pp. 48-49.)

We apply the reasoning of this court in *Rhodius* and affirm the trial court's denial of a resentencing hearing.  "'By definition, a sentence enhancement is "an additional term of imprisonment added to the base term."'"  (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1124.)  If the punishment for an enhancement is stricken, it cannot be used to add punishment in that case.  (*People v. Fuentes* (2016) 1 Cal.5th 218, 225-226; *People v. Flores* (2021) 63 Cal.App.5th 368, 383.)

4

Other courts, such as the Fourth Appellate District, Division One in *People v. Christianson* (2023) 97 Cal.App.5th 300 (*Christianson*), review granted February 21, 2024, S283189, interpreted the word "'imposed'" to include prior prison term enhancements which had been imposed and stayed. *Christianson* reasoned in part that the court retains the ability to lift the stay and impose the punishment for the enhancement under certain circumstances, which the court held was more in keeping with the Legislature's intent to reduce sentences when enacting section 1172.75. (*Christianson*, *supra*, at pp. 311-314; see *People v. Mayberry* (2024) 102 Cal.App.5th 665, 673-676, review granted Aug. 14, 2024, S285853 [Fifth District]; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1272-1273, review granted Mar. 12, 2024, S283547 [Third District]; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1281-1283 [Sixth District].)

In the present case, punishment for the prior prison term enhancements was stricken, not stayed. In *People v. Espino* (2024) 104 Cal.App.5th 188 (*Espino*), review granted October 23, 2024, S286987, the Sixth District Court of Appeal held that the term "'impose[d]'" as used in section 1172.75 also included prior prison term enhancements for which punishment had been stricken. *Espino* held that defendants with stricken punishment for prior prison term enhancements are entitled to full resentencing, reasoning that the Legislature intended the phrase "'[a]ny sentence enhancement'" in section 1172.75 to be applied broadly, whether the punishment was executed, stayed or stricken. (*Espino*, *supra*, at pp. 196-197.)

5

We disagree with the holding in *Espino*. Because punishment for the enhancements in this case was stricken, they were not imposed and executed, and the section 1172.75 requirement for a resentencing hearing does not apply. In fact, since punishment for the enhancements was previously stricken, there was nothing more the trial court could do to eliminate punishment for the enhancements and impose a lesser sentence. (§ 1172.75, subd. (d)(1).)

Defendant argues a prior enhancement for which the punishment has been stricken remains on the abstract of judgment which could lead to imposition of punishment on the enhancement in the future. (*People v. Garner* (2016) 244 Cal.App.4th 1113, 1118.) *Garner* held that if a sentence is recalled, a trial court may reconsider all sentencing choices, including a sentencing enhancement for which the punishment had previously been stricken. (*Ibid*.) *Christianson* held that because stayed sentence enhancements could potentially increase the sentence if the case were reversed on appeal or if there was a recall of sentence, removal of the stayed enhancement could provide sentencing relief by "eliminating that potential." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.) The fact that the enhancement could be used in a potential recall or reversal of sentence does not add to the sentence imposed in *this* case. Moreover, section 1172.75 does not address any collateral consequences of a prior prison term enhancement.

## DISPOSITION

The clerk of the superior court is directed to correct the sentencing minute order for May 25, 2018, nunc pro tunc and the abstract of judgment to reflect that the court

6

struck punishment for the two prior prison term enhancements under section 667.5, subdivision (b). The clerk of the superior court is directed to forward copies of the corrected abstract of judgment and minute order to CDCR. The order denying section 1172.75 resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

I concur:

McKINSTER
J.

7

[*People v. Lopez*, E082898]

FIELDS J., Dissenting.

I respectfully dissent to the holding in the majority opinion that defendant is not entitled to a full resentencing pursuant to Penal Code section 1172.75. The majority opinion follows this court's opinion in *People v. Rhodius* (2023) 97 Cal. App.5th 38 (*Rhodius*), review granted Feb. 21, 2024, S283169, which held that where a trial court imposes a one-year sentence on a section 667.5, subdivision (b) prison prior, but stays the punishment, a defendant is not entitled to a full resentencing under section 1172.75, subdivision (a).

In my view, the defendant is entitled to a full resentencing pursuant to section 1172.75, subdivisions (a)-(c). The dispute here "centers around the meaning of the word 'imposed' as used in section 1172.75, subdivision (a), and, more specifically, whether a sentence enhancement pursuant to section 667.5, subdivision (b) that was imposed and stayed for a non-sexually-violent offense prior to January 1, 2020, is 'a sentencing enhancement described in subdivision (a)' of section 1172.75." (*People v. Christianson* (2023) 97 Cal.App.5th 300, 311 (*Christianson*), review granted Feb. 21, 2024, S283189, italics omitted.)

The Courts of Appeal are divided on this question, and the issue is currently before the Supreme Court. (Compare *Christianson*, *supra*, 97 Cal.App.5th 300 [recall and resentencing is available when prison prior enhancement is imposed and stayed]; *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted Mar. 12, 2024,

1

S283547 [same]; & *People v. Renteria* (2023) 96 Cal.App.5th 1276 [same] with *Rhodius*,

*supra*, 97 Cal.App.5th 38 [recall and resentencing is only available when prison prior

enhancement is imposed and executed].)

I generally agree with the *Christianson* decision, which in my view sets forth the

correct statutory interpretation of section 1172.75. (See *Christianson*, *supra*,

97 Cal.App.5th at pp. 311-315.) Section 1172.75, subdivisions (a) and (c), provide that a

defendant currently serving time on a judgment which includes a section 667.5,

subdivision (b) enhancement imposed before January 1, 2020, is entitled to a full

resentencing hearing.

The court in *Christianson* explicated that, "[o]n its face, the word 'imposed', in

this context, is at least somewhat ambiguous. As our high court has explained, 'it is

important to understand that the word "impose" applies to enhancements that are

"imposed and then *executed*" as well as those that are "imposed and then stayed.

However, as a practical matter, the word 'impose' is often employed as shorthand to refer

to the first situation, while the word 'stay' often refers to the latter.'"'" (*Christianson*,

*supra*, 97 Cal.App.5th at p. 311.)

Despite this apparent ambiguity, the *Christianson* court rejected the People's claim

that the Legislature intended the word "'imposed,'" as used in section 1172.75, to be

limited to enhancements that were imposed and executed. (*Christianson*, *supra*,

97 Cal.App.5th at p. 311.) Further, as the court explained in *Christianson*, "[s]ection

1172.75 requires the CDCR to identify all inmates 'currently serving a term *for a*

2

*judgment that includes* an enhancement described in subdivision (a).' [Citation.] A judgment may include a sentence that has been imposed but suspended or stayed. [Citation.] Thus, by its plain language, all that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment, regardless of whether it is imposed or stayed. Had the Legislature intended for the language in subdivision (b) to limit the identification to those inmates that would necessarily be required to serve an additional term based on the enhancement, it certainly could have done so." (*Christianson*, *supra*, 97 Cal.App.5th at pp. 311-312.)

The court in *Christianson* noted that "[t]he sentencing court must then '*verify that the current judgment includes a sentencing enhancement* described in subdivision (a).'" (*Christianson*, *supra*, 97 Cal.App.5th at p. 312; § 1172.75, subd. (c).) The court continued as follows: "At this point, the incorporation of subdivision (a) requires that the current judgment include a sentencing enhancement *imposed* pursuant to section 667.5, subdivision (b). However, the use of the word 'verify' suggests that the sentencing court is doing just that, verifying that the individual the CDCR identified is in fact an individual described by the statute, not looking to see if the inmate meets an additional requirement (i.e., that the enhancement is *imposed* and not stayed). It does not follow logic or reason to read these two subdivisions together in a manner that would require the CDCR to identify a larger class of inmates — all those serving time on a judgment that include a now invalid enhancement — only for the trial courts to then look

3

at the same abstracts of judgment available to the CDCR to determine whether the previous court imposed additional time for, or stayed, the relevant] enhancements." (*Christianson*, at p. 312.)

Finally, *Christianson* observed that the overarching "statutory scheme at issue here involves statutory amendments expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating "'existing racial and socio-economic disparities in our criminal justice system.'" (*Christianson*, *supra*, 97 Cal.App.5th at p. 314.) The court noted that the resentencing procedures set forth in the statutory scheme promoted this legislative goal insofar as they "require that the trial court conduct a full resentencing for those defendants impacted by the now invalid enhancement in light of all associated sentencing reform." (*Ibid*.) Given this legislative objective, the *Christianson* court inferred that the Legislature presumably "intended to provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements." (*Ibid*.)

I note that I respectfully disagree with one portion of *Christianson*. Acknowledging that section 1172.75, subdivision (d)(1), requires a trial court to impose a lesser sentence than originally imposed, *Christianson* rejected the notion that removing a stayed term does not result in a lesser sentence. (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.) Rather, the court concluded that even a stayed term has potential consequences to a sentence since the trial court "retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated."

4

(*Ibid.*; accord, *Saldana*, *supra*, 97 Cal.App.5th at p. 1278 [stayed enhancement is part of sentence and remains available if its execution becomes necessary].) I disagree with this conclusion since a prison prior that was imposed before 2020, and was not for a sexually violent offense, is now legally invalid under section 1172.75, subdivision (a); thus, a court has no ability to lift a stay and impose such a prison prior in the future.

In any event, in the instant case, there is no dispute defendant was serving time on a judgment which includes two section 667.5, subdivision (b) enhancements that were not for a sexually violent offense. Section 1172.75 expressly provides that if a "current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) Applying *Christianson* here, defendant is entitled to a full resentencing under section 1172.75. (§ 1172.75, subds. (a), (c); see *Christianson*, *supra*, 97 Cal.App.5th at pp. 314-315.) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402 (*Monroe*); see *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'"].) At resentencing, the court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" (§ 1172.75, subd. (d)(2)) and shall

5

consider any "postconviction factors" militating against continued incarceration (§ 1172.75, subd. (d)(3)).

We recognize the court in the instant case appears to have struck, rather than stayed, the punishment on the prior prison enhancements. However, we conclude the same reasoning in *Christianson* applies here. (*People v. Espino* (2024) 104 Cal.App.5th 188, 195-198 (*Espino*), review granted Oct. 23, 2024, S286987.) As recently held in *Espino*, "section 1172.75 should be interpreted to apply whenever a prison prior was imposed, whether punishment was executed, stayed, or struck." (*Id*. at p. 193.)

The People ask us to follow *Rhodius*, *supra*, 97 Cal.App.5th 38, which held that the express language in section 1172.75, subdivision (d)(1), requiring the resentencing to " 'result in a lesser sentence than the one originally imposed as a result [of] the elimination of the repealed enhancement,' " combined with the legislative history behind the enactment of Senate Bill Nos. 136 and 483, require the conclusion that section 1172.75 does not invalidate prior prison term enhancements that were imposed but stayed. (*Id*. at pp. 42-49.) *Rhodius* reasoned as follows: "Section 1172.75 subdivision (d)(1)'s requirement that the resentencing shall result in a lesser sentence than the one originally imposed necessitates the conclusion that the repealed enhancement increased the length of the sentence. The only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed. If the repealed enhancement was imposed and stayed, the sentence would not have been increased, as was the case here." (*Id.* at p. 44.)

6

Although *Rhodius* was thoughtfully decided, I respectfully disagree with it and agree with the reasoning of *Christianson* and *Espino*. (*Christianson*, *supra*, 97 Cal.App.5th at pp. 305, 312; *Espino*, *supra*, 104 Cal.App.5th at p. 193.)

Under *Rhodius*, the word "imposed" in section 1172.75, subdivision (a), means "imposed and executed." Thus, the "imposed and stayed" prior convictions in that case were not "imposed" within the meaning of section 1172.75, subdivision (a). If that interpretation is correct, then the prison prior convictions in that case would not be legally invalid, and the trial court in *Rhodius* should not have struck them.[1] Yet, the trial court in *Rhodius* did strike them, strongly inferring their invalidity, and the *Rhodius* court affirmed the trial court's action. In my view, section 1172.75 either applies or does not apply. The authority to strike the prior convictions comes only where section 1172.75 applies.

We further note that, although the length of sentence does not change when a trial court vacates a now invalid prior conviction which had previously been stricken, the defendant, nevertheless, receives a significant benefit. To the extent the abstract of judgment will no longer show the prison prior convictions, the consequences of defendant's convictions are reduced. As a result of the court's action, the case will no longer reflect the prior convictions if a court assesses the appropriate disposition in any future case or on a violation of parole in the current case.

Finally, a careful review of the statute reveals that the statute contains language

---

[1] This assumes the judgment was final as of January 1, 2020, as Senate Bill No. 136 on its own is not retroactive to final judgments.

7

favorable to an interpretation consistent with that taken by *Rhodius*, and it also contains language favorable to an interpretation consistent with that taken in *Christianson*. I agree with the court in *Espino*, *supra*, 104 Cal. App. 5th at p. 198, that under the rule of lenity, where the Legislature's intent cannot be determined, courts must prefer the interpretation that is most favorable to defendants.

In sum, I conclude that the trial court erred in finding defendant ineligible for relief. The CDCR properly identified him as a person in custody "currently serving a term for a judgment that includes an enhancement described in [section 1172.75,] subdivision (a)." (§ 1172.75, subd. (b).) He was therefore entitled to a recall of his sentence and a full resentencing under the terms of section 1172.75, which would include the application of "any other changes in law that reduce sentences or provide for judicial discretion" (§ 1172.75, subd. (d)(2)) and consideration of "postconviction factors" militating against continued incarceration (§ 1172.75, subd. (d)(3)). I would reverse the denial order and remand to the trial court for a full resentencing hearing pursuant to section 1172.75, subdivisions (c) and (d).

FIELDS _____
                                                          J.