Filed 1/28/25  P. v. Butler CA4/2
See Concurring Opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083059 |
| v. | (Super.Ct.No. INF1801578) |
| DUPREE LAVAN BUTLER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed with directions.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Donald W. Ostertag and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant of attempted voluntary manslaughter causing great bodily injury (Pen. Code[1], §§ 192, subd. (a), 664, 12022.7, subd. (e)), assault with a deadly weapon causing great bodily injury (§§ 245, subd. (a)(1), 12022.7, subd. (e)), infliction of corporal injury on a spouse causing great bodily injury with a prior conviction for the same offense (§ 273.5, subd. (f)(1), 12022.7, subd. (e)), criminal threats (§ 422), two counts of violating a domestic violence protective order with a prior conviction of the same offense (§ 166, subd. (c)(4)), stalking with a prior (§ 646.9, subd. (c)(1)) and destruction of a wireless communication device, a misdemeanor (§ 591.5). Thereafter, defendant admitted three allegations of prison prior enhancements. (§ 667.5, subd. (b).) The court sentenced defendant to a total of 16 years in state prison, which included a consecutive one year each for the three prison priors.

On appeal from the conviction in *People v. Butler*, a nonpublished opinion, September 23, 2020, E072955 (*Butler*), this court applied then newly enacted changes to section 667.5 stating, "Senate Bill No. 136 was passed into law in October 2019, and became effective January 1, 2020. (Sen. Bill No. 136 (Stats. 2019, ch. 590, § 1); Cal. Const., art. IV, § 8, subd. (c)(2).) Senate Bill No. 136 amended Penal Code section 667.5, subdivision (b), so as to eliminate all prior prison term enhancements, unless the prior

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

prison term was for a sexually violent felony as defined in Welfare and Institutions Code section 6600, subdivision (b). It is undisputed that none of defendant's prior convictions was for a sexually violent offense. Accordingly, under Penal Code section 667.5, subdivision (b), as amended, defendant would not qualify for the imposition of the one-year enhancement for any of his prior prison terms." (*Butler*, *supra*, E072955.) We struck the three one-year prior prison term enhancements imposed pursuant to section 667.5, subdivision (b), and remanded for a full resentencing hearing. (*Butler*, *supra*, E072955.) At the resentencing hearing, the superior court struck the *punishment* for three prison priors and reimposed the remainder of the original sentence. The amended abstract of judgment also indicates that *punishment* was stricken for the prior prison term enhancements. Because this court in E072955 stated that the enhancements themselves were stricken, the amended abstract of judgment must be corrected.

On December 11, 2023, the superior court denied resentencing pursuant to section 1172.75, stating defendant does not qualify because the prison prior enhancements were previously stricken.

On appeal, defendant contends the court should have set the matter for resentencing pursuant to section 1172.75, subdivision (c). We disagree and affirm the trial court's order with directions.

DISCUSSION[2]

The Attorney General (AG) filed a motion to dismiss the appeal because the trial court did not have jurisdiction to consider the appeal under section 1172.75. The AG based the motion on the fact that the record did not contain a document indicating that the California Department of Corrections and Rehabilitation (CDCR) had identified defendant as a person to be reconsidered for resentencing as required by section 1172.75, subdivision (b). (*People v. Escobedo* (2023) 95 Cal.App.5th 440, 447-448; *People v. Burgess* (2022) 86 Cal.App.5th 375, 380-381.) In his opposition, defendant provided a copy of a list of inmates with section 667.5, subdivision (b) enhancements which CDCR sent to the superior court. The list included defendant's name and information; therefore, the AG properly withdrew its motion to dismiss for lack of jurisdiction in footnote 2 of its brief.

Because this court previously directed that the prison priors be stricken and remanded the case for resentencing, defendant has already received the benefit of resentencing. Nonetheless, we discuss the issue as presented on appeal.

Section 1172.75, subdivision (a), states, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 . . . is legally invalid." Subdivision (b) of section 1172.75 directs the CDCR and county correctional administrators to identify "persons in their custody currently serving a term for a judgment that includes an enhancement" under section 667.5, subdivision (b).

---

[2] We omit a statement of facts because a discussion of the underlying facts in the case is not necessary for the determination of the issue in this appeal.

Upon receipt of the list, the sentencing court must verify that the "the current judgment includes a sentencing enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) If so, the sentencing court must recall the sentence and resentence the defendant. (*Ibid.*)

At the resentencing, a sentence less than the original sentence must be imposed due to the elimination of the enhancement, unless the court finds a lesser sentence would endanger public safety. The court must also apply any other changes in law that reduce sentences or provide for judicial discretion. (§ 1172.75, subd. (d)(1), (2).)

The appellate courts are divided on whether these provisions apply to prior prison term enhancements that have been stayed or had punishment stricken, and the California Supreme Court has granted review in most of these cases. In *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169, the sentencing court imposed but stayed the punishment for two prison prior enhancements under section 667.5, subdivision (b). At the section 1172.75 hearing, the trial court struck the two prison priors but denied a full resentencing hearing. (*Rhodius*, at pp. 41-42.) On appeal in *Rhodius*, this court interpreted the word " 'imposed' " in subdivision (a) of section 1172.75 to mean a sentence enhancement that was " 'imposed and executed.' " (*Rhodius*, at pp. 44-45, 47-48.) In interpreting section 1172.75, this court in *Rhodius* looked at the statute as a whole and determined the requirement that resentencing under the statute should result in a lesser sentence than the original one meant that the prior prison term must have been imposed and executed. (*Rhodius*, at pp. 43-45.) We

5

determined the legislative history indicated an intent to end "double" punishment for prior convictions and longer incarceration periods. (*Id.* at p. 46.) Because the enhancement had been stayed and the sentence could not be lowered in a resentencing hearing, this court held in *Rhodius* that section 1172.75 did not apply to it. (*Rhodius*, at pp. 45, 48-49.) We therefore held that section 1172.75 did not apply to prior prison term enhancements that had been stayed. (*Rhodius*, at pp. 48-49.)

We apply the reasoning of this court in *Rhodius* and affirm the trial court's denial of a full resentencing hearing. " 'By definition, a sentence enhancement is "an additional term of imprisonment added to the base term." ' " (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1124.) If the punishment for an enhancement or the enhancement itself is stricken, it cannot be used to add punishment in that case. (*People v. Fuentes* (2016) 1 Cal.5th 218, 225-226; *People v. Flores* (2021) 63 Cal.App.5th 368, 383 (*Flores*).)

Other courts, such as the Fourth District, Division One in *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted February 21, 2024, S283189, interpreted the word " 'imposed' " to include prior prison term enhancements which had been imposed and stayed. *Christianson* reasoned in part that the court retains the ability to lift the stay and impose the punishment for the enhancement under certain circumstances, which the court held was more in keeping with the Legislature's intent to reduce sentences when enacting section 1172.75. (*Christianson*, at pp. 311-314; see *People v. Mayberry* (2024) 102 Cal.App.5th 665, 673-676, review granted Aug. 14, 2024, S285853 [Fifth District]; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1272-1273, review granted Mar. 12,

2024, S283547 [Third District]; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1281-1283 [Sixth District].)

In the present case, the prior prison term enhancements were stricken, not stayed. In *People v. Espino* (2024) 104 Cal.App.5th 188, review granted October 23, 2024, S286987, the Sixth District Court of Appeal held that the term " 'impose[d]' " as used in section 1172.75 also included prior prison term enhancements for which punishment had been stricken. *Espino* held that defendants with stricken punishment for prior prison term enhancements are entitled to full resentencing, reasoning that the Legislature intended the phrase " '[a]ny sentence enhancement' " in section 1172.75 to be applied broadly, whether the punishment was executed, stayed, or stricken. (*Espino*, at pp. 196-197.)

Because the enhancements in this case were stricken, they were not imposed and executed, and the section 1172.75 requirement for a resentencing hearing does not apply. In fact, since the enhancements were previously stricken, there was nothing more the trial court could do to eliminate punishment for the enhancements and impose a lesser sentence. (§ 1172.75, subd. (d)(1).)

Defendant argues a prior enhancement for which the punishment has been stricken remains on the abstract of judgment which could lead to imposition of punishment on the enhancement in the future. (*People v. Garner* (2016) 244 Cal.App.4th 1113, 1118.) *Garner* held that if a sentence is recalled, a trial court may reconsider all sentencing choices, including a sentencing enhancement for which the punishment had previously been stricken. *Christianson* held that because stayed sentence enhancements could

7

potentially increase the sentence if the case were reversed on appeal or if there was a recall of sentence, removal of the stayed enhancement could provide sentencing relief by "eliminating that potential." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.)  The fact that the enhancement could be used in a potential recall or reversal of sentence does not add to the sentence imposed in *this* case.  When "a judge strikes the enhancement, it's as if the fact of the enhancement never existed—it will not remain on the defendant's criminal record nor will it affect them in any potential future sentencing." (*Flores*, *supra*, 63 Cal.App.5th at p. 383.)  Section 1172.75 does not address any collateral consequences of a prior prison term enhancement and in the present case the enhancement itself was stricken and cannot affect the present case or any future potential sentencing.

## DISPOSITION

The clerk of the superior court is directed to correct the amended abstract of judgment by omitting the section 667.5, subdivision (b) enhancements, as well as the minute order for February 11, 2021, to state that the section 667.5 enhancements were stricken, and to transmit a copy of the corrected abstract of judgment and corrected minute order to the CDCR.  In all other respects, the order denying relief under section 1172.75 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

I concur:

MILLER
J.

8

[*People v. Butler*, E083059]

MENETREZ, J., Concurring in the judgment.

When defendant Dupree Lavan Butler was originally sentenced, the trial court imposed three prior prison term enhancements under Penal Code section 667.5, subdivision (b) (unlabeled statutory citations are to this code). While his direct appeal was pending, Senate Bill No. 136 (2018-2019 Reg. Sess.) took effect. Accordingly, because none of Butler's prior prison term enhancements was for a sexually violent offense, we struck all three enhancements and remanded for a full resentencing. The record on appeal does not contain the reporter's transcript of the proceedings on remand, but the minute order from those proceedings and the new abstract of judgment erroneously state that only the punishment for the enhancements was stricken, rather than that the enhancements were stricken in their entirety by this court.

The California Department of Corrections and Rehabilitation identified Butler as potentially eligible for relief under section 1172.75, presumably because the prior prison term enhancements appeared on his abstract of judgment. But the trial court denied all relief on the ground that the enhancements had already been stricken.

The trial court did not, however, correct the resentencing minute order or the abstract of judgment to reflect that the enhancements (and not merely the punishment) were stricken. Directing the trial court to make those corrections is all that remains to be done in this case.

1

On direct appeal, Butler received all of the benefits that the creation of section 1172.75 subsequently made available to defendants whose judgments were final: His prior prison term enhancements were stricken in their entirety, and he was resentenced. Consequently, this case has nothing to do with the split between *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169, and *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted February 21, 2024, S283189, or the related issue presented in *People v. Espino* (2024) 104 Cal.App.5th 188, review granted October 23, 2024, S286987.

For all of the foregoing reasons, I concur in the judgment.

MENETREZ
J.