Filed 3/18/25

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KIM H. TANG,<br><br>    Defendant and Appellant. | D084192<br><br><br>(Super. Ct. No. SCD155370) |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed with directions.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and James Spradley, Deputy Attorneys General, for Plaintiff and Respondent.

Kim H. Tang appeals the denial of his motion for resentencing under Penal Code[1] section 1172.75. Tang's original sentence imposed and stayed one section 667.5, subdivision (b) prison prior enhancement. On appeal of the original judgment in 2002, we modified the judgment to strike, rather than stay, the enhancement.

We now conclude that a stricken enhancement is not an imposed enhancement within the meaning of section 1172.75, subdivision (a). Therefore, we affirm the trial court's order denying Tang's motion for resentencing and direct the trial court to issue an amended abstract of judgment reflecting that the enhancement was stricken.

FACTUAL AND PROCEDURAL BACKGROUND

In 2001, a jury convicted Tang of first degree murder (§ 187, subd. (a)) using a deadly weapon (§ 12022, subd. (b)(1)). The court found true that Tang had one prison prior (§ 667.5, subd. (b)), one serious felony prior (§ 667, subd. (a)(1)), and one strike prior (§§ 667, subds. (b)–(i), 668, 1170.12). At sentencing, the court imposed a prison term of 50 years to life, plus a five-year serious felony enhancement and a one-year section 12022 enhancement. The court imposed and stayed one section 667.5, subdivision (b) enhancement.

Tang appealed to this court. In *People v. Tang* (May 21, 2002, D037456) [nonpub. opn.] (*Tang*), we affirmed the judgment except to modify it to strike the prior prison term enhancement under *People v. Jones* (1993) 5 Cal.4th 1142, 1153. (*Tang, supra*, D037456 ["Tang points out, and the People concede, the trial court erred in staying rather than striking the prior prison term enhancement. [Citation.] We modify the judgment to strike the enhancement."].)

---

[1] Undesignated statutory references are to the Penal Code.

The Legislature amended section 667.5, subdivision (b) effective January 1, 2020, to impose a one-year enhancement only for a prison term served for conviction of a sexually violent offense, rather than for any felony. (Senate Bill No. 136 (2019–2020 Reg. Sess.); Stats. 2019, ch. 590, § 1.) The amendment to section 667.5, subdivision (b), was given retroactive effect as of January 1, 2022, through Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483), which added what is now section 1172.75.[2] (Stats. 2021, ch. 728, § 3.)

With the exception of sexually violent offenses, section 1172.75 provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 . . . is legally invalid." (§ 1172.75, subd. (a).) The statute directs California's Department of Corrections and Rehabilitation (CDCR) to identify and inform the sentencing court of those persons in custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a)." (*Id.*, subd. (b).) The court then "review[s] the judgment and verif[ies] that the current judgment includes a sentencing enhancement described in subdivision (a)," in which case "the court shall recall the sentence and resentence the defendant." (*Id.*, subd. (c).) The resentencing must "result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds . . . a lesser sentence would endanger public safety." (*Id.*, subd. (d)(1).)

In 2023, Tang filed a petition for resentencing under section 1172.6. The CDCR then identified Tang as a prisoner whose judgment includes an

---

[2]    The statute was originally numbered section 1171.1 prior to being renumbered without substantive changes, effective June 30, 2022. (Stats. 2022, ch. 58, § 12.)

enhancement as described in section 1172.75, subdivision (a).  At a hearing on both matters, the court denied his petition under section 1172.6 and concluded he was ineligible for resentencing under section 1172.75 because the punishment for the prison prior enhancement had been stricken.  The court explained:

> "[A]s to the [Senate Bill] 483 petition, the . . . Court of Appeal on May the 21st, 2002 affirmed the decision of the trial court but ordered the prison priors stricken.  I'm not sure whether the abstract of judgment was ever formally amended and CDCR advised of the Court of Appeal decision, but with no current imposed prison prior, whether or not the execution was stayed, there is no basis for the exercise of jurisdiction under the retroactive application of [Senate Bill] 483.
>
> Accordingly, he is ineligible for relief under [Senate Bill] 483."

## DISCUSSION

Tang argues the trial court erred by finding him ineligible for resentencing under section 1172.75 because the statute affords relief to all defendants whose sentences include a prior prison term enhancement, whether the enhancement was executed, stayed, or stricken.  The People contend the court did not err because the prison prior enhancement itself was stricken from the judgment in our prior opinion.  In our de novo review of this issue (*People v. Lewis* (2021) 11 Cal.5th 952, 961), we agree with the People that a stricken enhancement cannot be a "sentence enhancement that was imposed" under section 1172.75, subdivision (a).

The proper interpretation of section 1172.75 is the subject of conflicting published appellate opinions and is under review by our Supreme Court. (See *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282–1283 (*Renteria*); *People v. Rhodius* (2023) 97 Cal.App.5th 38, 43–48, review granted Feb. 21,

4

2024, S283169 (*Rhodius*); *People v. Christianson* (2023) 97 Cal.App.5th 300, 311–316, review granted Feb. 21, 2024, S283189 (*Christianson*); *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276–1279, review granted Mar. 12, 2024, S283547 (*Saldana*); *People v. Mayberry* (2024) 102 Cal.App.5th 665, review granted Aug. 14, 2024, S285853 (*Mayberry*); *People v. Espino* (2024) 104 Cal.App.5th 188, review granted Oct. 23, 2024, S286987 (*Espino*).) However, none of those cases involved an enhancement that was stricken.

*Renteria*, *Rhodius*, *Christianson*, *Saldana*, and *Mayberry* all involved judgments with prison prior enhancements that were imposed and stayed. (*Renteria, supra*, 96 Cal.App.5th at p. 1280; *Rhodius, supra*, 97 Cal.App.5th at p. 41, review granted; *Christianson, supra*, 97 Cal.App.5th at pp. 305–307, review granted; *Saldana, supra*, 97 Cal.App.5th at pp. 1272–1274, review granted; *Mayberry, supra*, 102 Cal.App.5th at p. 668, review granted.) Only *Rhodius*, decided by a different division of this court, concluded that individuals with prison prior enhancements that were imposed and stayed are not entitled to section 1172.75 resentencing. (*Rhodius*, at p. 45.) In the remaining cases involving a stayed enhancement, the Sixth Appellate District, this division of our court, the Third Appellate District, and the Fifth Appellate District interpreted section 1172.75 broadly to hold that the existence of an imposed but stayed prison prior triggers the resentencing requirement. (*Renteria*, at pp. 1281–1282; *Christianson*, at pp. 314–315; *Saldana*, at pp. 1278–1279; *Mayberry*, at p. 668.)

In *Espino*, the Sixth Appellate District expanded the holding of *Renteria*, *Christianson*, *Saldana*, and *Mayberry*. There, the trial "court imposed a prison prior, but stated that it was 'striking that additional punishment.'" (*Espino, supra*, 104 Cal.App.5th at p. 194, review granted.) On appeal, the court concluded that an enhancement is imposed "whenever a

5

prison prior is included in a judgment, whether the prior is executed, stayed, or *punishment is struck*." (*Ibid.* (italics added).) None of these scenarios—imposed and executed, imposed and stayed, or imposed and punishment struck—apply in the present case.

Rather, in *Tang*, we modified the judgment to strike the enhancement itself from the judgment under *Jones*. (*Tang, supra*, D037456.) In *Jones*, our Supreme Court concluded that "subdivision (b) of section 667 permits only the greatest enhancement to be *imposed*," necessitating that the case be "remanded to the trial court with directions to strike the one-year enhancement of defendant's sentence for his prior offense of kidnapping under subdivision (b) of section 667.5." (*Jones, supra*, 5 Cal.4th at pp. 1152–1153 (italics added).)

It would be anomalous to conclude that an enhancement was both imposed by and stricken from the judgment. This point is illustrated by the *Saldana* court's discussion of the fate of invalid prison prior enhancements under section 1172.75. The court explained the invalid enhancements would be stricken. (*Saldana, supra*, 97 Cal.App.5th at p. 1278, review granted.) Here, the enhancement has already been stricken. It would make little sense to provide "*all* relief (full resentencing)" when no relief on the enhancement requiring full resentencing (striking the invalid enhancements) is necessary or possible. (*Ibid.*)

Although we would be "loath to overrule prior decisions from another panel of the same undivided district or from the same division" (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 109, fn. 9), our conclusion that a stricken enhancement cannot have been imposed within the meaning of section 1172.75 is not inconsistent with this court's holding and reasoning in *Christianson*. Indeed, the panel in *Christianson* suggested that a stricken

6

enhancement is different from a stayed enhancement, explaining, "When a punishment is stayed, *as opposed to stricken*, the trial court retains the ability to lift the stay and impose the term under certain circumstance . . . ." (*Christianson, supra*, 97 Cal.App.5th at p. 312, review granted, italics added.)

The trial court's ability to lift the stay is relevant in context of the section 1172.75, subdivision (d)(1) requirement that resentencing must "result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement." In *Christianson*, we explained that because "the trial court retains the ability to lift the stay and impose the term under certain circumstance[s]," the "removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential." (*Christianson, supra*, 97 Cal.App.5th at p. 312, review granted.) That relief satisfied the lesser sentence requirement. To the contrary, an enhancement stricken from the judgment does not carry the same potential and cannot result in a lesser sentence.

We also observed in *Christianson* that the court's *verification* duty provided in section 1172.75, subdivision (c) would not involve consideration of whether "the inmate meets an additional requirement (i.e., that the enhancement is imposed and not stayed)." (*Christianson, supra*, 97 Cal.App.5th at p. 312, review granted.) This verification does, however, require the court to determine whether the enhancement was imposed or not imposed, which is precisely what the trial court did here.

The existing abstract of judgment was entered in April 2001 and shows the section 667.5, subdivision (b) enhancement as imposed and stayed, prior to our striking the enhancement. The abstract of judgment was apparently not amended to reflect our modification of the judgment. Thus, the CDCR identified an imposed enhancement. At the verification stage, without

7

considering any additional requirements, the court discovered the judgment did not include a qualifying enhancement because it had been stricken on appeal, despite what the pre-appeal abstract of judgment showed. The statute and the legislative history refer to whether the judgment, not the abstract of judgment, includes a prison prior enhancement. (See § 1172.75, subds. (b) & (c); Sen. Rules Com., Off. of Sen. Floor Analyses, Rep. on Sen. Bill 483 (2021–2022 Reg. Sess.) as amended Sept. 1, 2021, p. 3.)

Our remaining points of analysis from *Christianson* are not relevant here, where the question is whether an enhancement was imposed in the first place. Our holding that a stricken enhancement was not imposed does not require us to distinguish the California Supreme Court's interpretation of the term "imposed" to mean "imposed and executed," rather than "imposed and stayed." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125–1130 [addressing the term in the context of firearm enhancements under section 12022.53, subdivision (f)]; see *Christianson, supra*, 97 Cal.App.5th at p. 314, review granted.) Nor is it relevant that the Legislature elected a full resentencing as the remedy for an invalid enhancement rather than an administrative amendment. (*Christianson*, at p. 316.) Section 1172.75, subdivision (a) requires that the enhancement be imposed to trigger any relief, and here, it was not.

Nor does *Espino, supra*, 104 Cal.App.5th 188, review granted, necessitate a conclusion that a stricken enhancement entitles an inmate to section 1172.75 resentencing. *Espino* addressed a scenario involving a sentencing enhancement that was imposed where the *punishment* was stricken. (*Espino*, at p. 196 ["under section 1172.75, subdivision (a), '[a]ny sentence enhancement that was imposed' is naturally understood to mean any enhancement that the sentencing court included in a judgment, whether

8

*punishment for it* was executed, stayed, or struck" (italics added)]; *id.* at p. 197 ["a sentencing enhancement remains an enhancement even if *the punishment for it* was not executed" (italics added)].) The court noted that section 1385, subdivision (b)(1) explicitly permits courts to strike punishment for an enhancement. (*Id.* at p. 197.) In that subsection, striking the punishment for the enhancement is an alternative to striking or dismissing the enhancement itself. In other words, striking an enhancement is different from striking the punishment for the enhancement. (See *People v. Fuentes* (2016) 1 Cal.5th 218, 225–226 [" 'Striking an aspect of an enhancement does not "operate to defeat the factual finding of the truth of the [allegation], instead, such act merely serves to prohibit a certain purpose for which the [allegation] may be used." ' ([Citation]; see Couzens et al., Sentencing Cal. Crimes (The Rutter Group 2015) § 12.5 [striking an enhancement's punishment 'would retain the fact of the enhancement in the defendant's criminal record, but would not add any punishment']; [citation].)"].)

We address only whether a stricken enhancement can be an enhancement imposed within the meaning of section 1172.75 and conclude it cannot.

## DISPOSITION

The order denying Tang's motion for resentencing is affirmed. We direct the trial court to issue an amended abstract of judgment reflecting the

9

2002 striking of the section 667.5, subdivision (b) enhancement and to forward the amended abstract to the Department of Corrections.


HUFFMAN, Acting P. J.

WE CONCUR:


DO, J.


RUBIN, J.