Filed 6/18/26  P. v. Rodriguez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSE GUADALUPE GARCIA RODRIGUEZ,<br><br>Defendant and Appellant. | F089229<br><br>(Super. Ct. No. 24CR-00058)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Merced County.  Paul C. Lo, Judge.

Robert Navarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, David A. Lowe and Clifford E. Zall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant Jose Guadalupe Garcia Rodriguez was convicted of committing a lewd act upon a child under the age of 14 against two different victims, with a multiple victim circumstance within the meaning of the "One Strike" law. (Pen. Code, §§ 288, subd. (a); 667.61, subd. (j)(2).)[1] The trial court sentenced him to 25 years to life. On appeal, defendant contends the trial court erred in failing to exercise its discretion under section 1385. We reject defendant's contention and affirm the judgment.

## PROCEDURAL BACKGROUND

On September 9, 2024, the Merced County District Attorney filed a first amended information charging defendant with a lewd act on a child under 14 (E.S.) between December 7, 2023, and January 4, 2024 (§ 288, subd. (a); count 1); a lewd act on a child under 14 (A.G.) between December 7, 2023, and January 4, 2024 (*ibid*.; count 2); a lewd act on a child under 14 (R.G.) between December 7, 2023, and January 4, 2024 (*ibid*.; count 3); and a lewd act on a child under 14 (T.L.) between February 23, 2014, and November 4, 2016 (*ibid*.; count 4).

As to counts 1 through 4, the amended information alleged a multiple victim enhancement under the "One Strike" law (§ 667.61, subd. (j)(2)) and two aggravating factors: the victims were particularly vulnerable (Cal. Rules of Court, rule 4.421(a)(3))[2] and defendant took advantage of a position of trust or confidence to commit the offense (rule 4.421(a)(11)). As to count 3, the amended information alleged defendant had substantial sexual conduct with the victim (§ 1203.066, subd. (a)(8)).

On November 14, 2024, defendant was convicted by a jury as charged on counts 1 and 2. (§§ 288, subd. (a).) The jury also found true, as to counts 1 and 2, the special allegation of multiple victims under section 667.61, subdivisions (e) and (j)(2), and the aggravating factors (rule 4.421 (a)(3), (a)(11)).

---

[1]    All undesignated statutory references are to the Penal Code.

[2]    All undesignated rule references are to the California Rules of Court.

2.

The jury was unable to reach a unanimous verdict on counts 3 and 4. A mistrial was declared and counts 3 and 4 were dismissed with a *Harvey* waiver.[3]

On December 17, 2024, the trial court sentenced defendant to a term of 25 years to life as follows: 25 years to life on count 1 and a concurrent term of 25 years to life on count 2.

## DISCUSSION[4]

**I.      The Trial Court Did Not Commit a Sentencing Error.**

Defendant contends the trial court misunderstood its discretion pursuant to section 1385 to strike the punishment imposed on counts 1 and 2 (§ 288, subd. (a) [lewd or lascivious acts on a child who is under the age of 14 years]; § 667.61, subd. (j)(2)). Defendant argues the imposition of the 25 years to life sentence was not mandatory but rather discretionary, permitting the court to strike one of the section 667.61, subdivision (j)(2) allegations. The People argue the One Strike law divests the court of its discretionary authority to use section 1385 to modify sentences imposed thereunder. We agree with the People.

**A.      *Additional Background*.**

Defense counsel argued prior to sentencing that the trial court had discretion to fashion a "fair sentence" under section 1385 and contended the court should run the sentences concurrently.

At the sentencing hearing, the trial court stated it intended to sentence defendant to the required term of 25 years to life on counts 1 and 2 because the multiple victim enhancement was found true by the jury under section 667.61, subdivision (j)(2). The court further noted it planned to run the sentences concurrently even though defendant was convicted of two separate crimes.

---

[3]      See *People v. Harvey* (1979) 25 Cal.3d 754.

[4]      Defendant raises purely legal issues on appeal. We omit a factual summary.

The prosecution argued the trial court should reconsider and impose consecutive sentences on counts 1 and 2. In response, defense counsel contended that it was cruel and unusual punishment to sentence defendant to indeterminate terms. Defense counsel also maintained probation was appropriate, and in the alternative, a determinate term, or concurrent sentences.

The trial court inquired whether it had discretion to strike the multiple victim enhancement found true by the jury under section 667.61. Defense counsel responded that "the [c]ourt always has the power to stay the punishment using its equitable powers" pursuant to section 1385. The trial court, however, reread the statute and found that section 667.61, subdivision (j)(2) mandates punishment of 25 years to life for any person convicted of a section 288, subdivision (a) offense against multiple victims.

**B.** *Analysis.*

Defendant contends we must remand for resentencing to allow the trial court to exercise its discretion under section 1385 as to whether to strike the multiple victim enhancement under section 667.61, subdivision (j)(2). We disagree.

Under section 1385, a trial court has discretion to dismiss an action in the furtherance of justice. (§ 1385, subd. (a)(1).) Moreover, section 1385, subdivision (c)(1), provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (See *People v. Sek* (2022) 74 Cal.App.5th 657, 674.)

Defendant was sentenced to 25 years to life on counts 1 and 2 pursuant to the One Strike law, "an alternative sentencing scheme that applies to specified felony sex offenses."[5] (*People v. Reyes* (2016) 246 Cal.App.4th 62, 79 (*Reyes*).) " 'The purpose of

_____

[5] The One Strike law is considered an "alternative sentencing scheme" or a "penalty provision" and not a sentencing enhancement. (See, *People v. Carbajal* (2013) 56 Cal.4th 521, 534 [" 'the One Strike law is an alternative sentencing scheme' "];

4.

the One Strike law is " ' "to ensure serious and dangerous sex offenders would receive lengthy prison sentences upon their first conviction," "where the nature or method of the sex offense 'place[d] the victim in a position of *elevated vulnerability*.' " ' " (*Ibid*.) "According to a general statement of purpose in the legislative history, the targeted group preys on women and children, cannot be cured of its aberrant impulses, and must be separated from society to prevent reoffense." (*People v. Wutzke* (2002) 28 Cal.4th 923, 929–930.)

"A defendant is … subject to the One Strike law's sentencing provisions if they commit one of nine listed sexual offenses. (See § 667.61, subd. (c).)" (*People v. Betts* (2020) 55 Cal.App.5th 294, 299.) One of the enumerated sexual offenses listed in the statute is committing a lewd or lascivious act in violation of section 288, subdivision (a). (§ 667.61, subd. (c)(8).) A special circumstance is triggered under section 667.61, subdivision (e) when the defendant commits the offense against more than one victim. (*Id*., subd. (e)(4).) Further, under subdivision (j)(2) of section 667.61, a defendant convicted " 'of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e), upon a victim who is a child under 14 years of age, shall be punished by imprisonment in the state prison for 25 years to life.' " (*Betts*, at p. 300.)

Applying the straightforward provisions of the One Strike law shows that the trial court did not commit a sentencing error. Defendant committed a lewd or lascivious act (§ 288, subd. (a)) against a child under age 14 (§ 667.61, subd. (c)(8)) against two different victims (§ 667.61, subd. (e)(4).) Thus, pursuant to section 667.61, subdivision (j)(2), the One Strike law mandated the 25 years to life sentence on counts 1 and 2.

---

*People v. Jones* (1997) 58 Cal.App.4th 693, 709 and fn. 9 [the One Strike law is an alternative sentencing scheme or a penalty provision and not a true enhancement].)

We further note the Legislature specifically eliminated the trial court's statutory power to strike or dismiss sentencing allegations under section 1385 that were imposed pursuant to the One Strike law. Indeed, section 667.61, subdivision (g) provides: "Notwithstanding Section 1385 … the court shall not strike any allegation, admission, or finding of any of the circumstances specified in subdivision (d) or (e) [of section 667.61] for any person who is subject to punishment under this section." (Prop. 83, § 12, approved Nov. 7, 2006; see *Reyes*, *supra*, 246 Cal.App.4th at pp. 80–82 [holding the court lacked discretion under section 1385 to strike or dismiss a One Strike sentence of life without possibility of parole imposed pursuant to § 667.61, subd. (*l*)]; see also *People v. Hammer* (2003) 30 Cal.4th 756, 761 ["The law expressly divests trial courts of authority to avoid these severe sentences: it provides that courts are barred from exercising their traditional discretion to 'strike' any of the triggering circumstances specified in the One Strike law"]; *People v. Alvarado* (2001) 87 Cal.App.4th 178, 186 ["Section 667.61 mandates indeterminate sentences of … 25 years to life for specified sex offenses that are committed under one or more 'aggravating circumstances,' such as when the perpetrator … sexually victimizes more than one person"]; see generally *In re Greg F.* (2012) 55 Cal.4th 393, 406 ["When the Legislature intends for a statute to prevail over all contrary law, it typically signals this intent by using phrases like 'notwithstanding any other law' or 'notwithstanding other provisions of law' "]; *Molenda v. Department of Motor Vehicles* (2009) 172 Cal.App.4th 974, 995 ["the language 'notwithstanding other provisions of law' … is a 'term of art' that 'has been read as an express legislative intent to have the specific statute control despite the existence of other law which might otherwise govern' "].)

Defendant recognizes the law in *Reyes*, however he argues the case did not reach the issue of striking the applicable One Strike punishment while leaving the underlying allegation intact. Defendant cites *People v. Fuentes* (2016) 1 Cal.5th 218 (*Fuentes*) for

the proposition that the court may strike his punishment under the One Strike law without disturbing the underlying allegations or factual findings. We disagree.

The issue in *Fuentes* was whether a trial court had discretion under section 1385, subdivision (a) to dismiss a sentencing enhancement allegation for a gang-related offense (§ 186.22, subd. (b)(1)), or if the Legislature intended to eliminate a court's discretion by enacting section 186.22, subdivision (g), which provides that " '[n]otwithstanding any other law, the court may strike the additional punishment for the enhancements provided in this section.' " (*Fuentes*, *supra*, 1 Cal.5th at p. 222.) In finding the court had discretion under section 1385, subdivision (a) to dismiss the gang enhancement, the court observed that "there must be ' "a clear legislative direction" ' eliminating the trial court's section 1385 authority" and concluded that such direction was lacking. (*Id*. at pp. 226, 230–231.) While section 186.22, subdivision (g) contained the phrase " '[n]otwithstanding any other law,' " it did not refer specifically to section 1385, "which would have demonstrated the Legislature's unmistakable intent to divest a trial court's section 1385 discretion with respect to gang-related sentencing allegations." (*Id*. at p. 226.)

In line with *Fuentes*, section 667.61, subdivision (g) contains a clear legislative direction and demonstrates that section 1385 does not bestow the trial court authority to strike punishment imposed under the One Strike law. Moreover, section 1385 reinforces that courts may not dismiss an enhancement pursuant to section 1385 "if dismissal of that enhancement is prohibited by any initiative statute" (§ 1385, subd. (c)(1)), such as Proposition 83.

Defendant appears to contend the legislative intent is not clear because section 667.61, subdivision (j)(2) does not specifically reference section 1385. However, defendant seeks to read subdivision (j)(2) in isolation. A closer reading of the plain language of the statute reveals the two subdivisions should be read together. Subdivision (j)(2) proscribes the term of imprisonment for a criminal defendant who has

7.

been convicted of a sex crime specified in subdivision (c), under one of the circumstances specified in subdivision (e), upon a victim who is a child under 14 years old. Subdivision (g) states that the trial court shall not strike an allegation specified in subdivision (d) or (e) under section 1385.

The trial court lacks authority under section 1385 to strike the sentence imposed for counts 1 and 2 pursuant to the One Strike law.  This includes the multiple victim allegation imposed under section 667.61, subdivision (j)(2).  Thus, defendant's mandatory 25-year-to-life sentence shall remain undisturbed.

## **DISPOSITION**

The judgment is affirmed.


GUERRA, J

WE CONCUR:



HILL, P. J.



MEEHAN, J.